# Virginia Manor Land Co. *v.* Virginia Manor Apartments, Inc., Appellant.

Argued October 2, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

reargument refused November 12, 1971.

*Maurice B. Wechsler,* for appellant.

*C. Harold Skodol,* with him *Herbert V. Brownlee,* for appellees.

OPINION BY MR. JUSTICE POMEROY, October 12, 1971:

Appellees in this case are six affiliated Pennsylvania business corporations incorporated between 1956 and 1960 as Virginia Manor Land Co., Virginia Manor Farms Co., Virginia Vue Land Co., Virginia Manor Larchmont Co., Virginia Manor Trotwood Corp., and Virginia Manor Ridge Land Co. The appellant Virginia Manor Apartments, Inc., is a Pennsylvania corporation incorporated in November, 1965. The present

dispute is whether the appellant's use of its name is permissible.

The record reveals that the name "Virginia Manor" was originated by James H. Duff in 1926 when he laid out for residential use two plans of lots located in Allegheny County; these plans were designated the Virginia Manor Plans and were recorded as such. Thereafter Duff and his sister incorporated the Virginia Manor Company which developed and sold lots in the Virginia Manor Plans and in subsequent additions to those plans. In 1956 the ownership of Virginia Manor Company was purchased by four of the appellee corporations; thereafter the assets of the Virginia Manor Company were distributed to those corporations, and the original Virginia Manor Company was dissolved.

In 1966 the appellant corporation purchased land adjacent to property owned by certain of the appellees and in the immediate vicinity of the original Virginia Manor Plans; negotiations were initiated looking to the construction of an apartment complex. In January 1967 while the negotiations were pending, the present action was brought as a suit in equity by the appellees pursuant to §202 of the Business Corporation Law, Act of May 5, 1933, P. L. 364, as amended, 15 P.S. §1202. Section 202B provides as follows: "B. The corporate name [of a Pennsylvania corporation] shall not be the same as, or deceptively similar to: (1) The name of any other domestic corporation. . . ." This restriction is subject to certain provisos, e.g., where the original corporation has changed its name, terminated its business or failed to file required reports for a given period of time; none of those exceptions is relevant in the present case. Section 202D of the Business Corporation Law provides that a violation of §202B shall not affect the corporate existence of the violator but that the "Court of Common Pleas of any

county having jurisdiction over the corporation may, upon the application of any . . . corporation adversely affected, enjoin the corporation from using or continuing to use a name in violation of this section." The present action was brought pursuant to §202D; the question presented to the lower court was whether the appellant's corporate name, i.e., Virginia Manor Apartments, Inc., was "the same as, or deceptively similar to," the corporate names of the appellees.

In its adjudication, which the court *en banc* confirmed, the lower court determined that the appellant's name was indeed deceptively similar to the names of the appellee corporations. In reaching that conclusion the Court found as a fact that the name "Virginia Manor", having originated with Duff and the Virginia Manor Company and having been used exclusively by that corporation and its successors, had become associated with the appellees and their developments and was not the name of a general geographic area; it further found that the incorporators of the appellant had selected the name "Virginia Manor" for their corporation because of its local importance and because the name would associate their enterprise in the public mind with the established operations of the appellees and their predecessors in title. Accordingly, it granted the appellees' prayer for relief, enjoining the appellant from using the words "Virginia Manor" in its corporate name.[1] We affirm.

---

[1] Prior to disposing of the substantive issue before it, the lower court considered *sua sponte* the question of equity's jurisdiction over the cause and concluded that equity was without jurisdiction. Noting that the parties had entered into stipulations as to some of the facts of the case and had been afforded a full hearing on the merits, the court certified the case to the law side of the court and forthwith entered an adjudication and order. Exceptions to that adjudication were filed by the appellant. Noting its reservations about the propriety of filing exceptions in a case in this pos-

The parties to this appeal view the issues presented quite differently. Appellees focus on the terms of §202 and contend that the fundamental issue is whether the names of the respective corporations are "deceptively similar" within the meaning of the statute. Appellant, while asserting the lack of a deceptive similarity, places primary emphasis on what it deems to have been the appellees' burden to establish that the term "Virginia Manor" had a secondary meaning as referring to their companies. In our view appellees have more properly framed the issue before us.

Section 202 of the Business Corporation Law clearly grants a corporation the right to act to prevent another from operating under the same or a deceptively similar name. As this Court has previously said, "The right of the corporation to the exclusive use of its own name exists at common law, and includes the right to prohibit another from using a name so similar to the corporate name as to be calculated to deceive the public"; the proscription and the remedy of §202 are but

ture, the court en banc nonetheless entertained appellants' exceptions, dismissed them as being without merit, and affirmed the court's original order.

The certification to the law side was apparently in the belief that the remedy afforded by §202D of the Business Corporation Law was, because statutory, a "legal" rather than an "equitable" remedy. We think this was mistaken and conclude that the action was properly brought in equity under the terms of §202D of the Business Corporation Law. See *Consolidated Home Specialties Co. v. Plotkin*, 358 Pa. 14, 55 A. 2d 404 (1947). The lower court's error in certifying the cause to the law side of the court was not, however, prejudicial to the appellant. Law and equity are but two sides of the same court, and there can be no question that appellants received a full and adequate hearing. Appellant was not deprived of the equitable defense of laches, as argued on appeal. This defense was not raised in the pleadings, but in any event would be without merit under the findings of fact. We find no cause for reversal in what was at most a technical error of the lower court, and treat the final order below as a final decree in equity.

the statutory recognition of that common law right. *Consolidated Home Specialities Company v. Plotkin*, 358 Pa. 14, 19, 55 A. 2d 404 (1947). See, also, *American Clay Mfg. Co. v. American Clay Mfg. Co.*, 198 Pa. 189, 193-4, 47 Atl. 936 (1901). Under Pennsylvania law protection of a corporate name may be sought and will be given without regard to the existence of a technical trademark where the name chosen by a defendant is the same as or deceptively similar to one already in use.[2]

It was not necessary in this case for appellees to prove the existence of a secondary meaning of the words "Virginia Manor". The concept of secondary meaning has developed as a means of determining when a word in common parlance, i.e., a word with a "primary" meaning, may nevertheless be reserved and protected as a trade name for the exclusive commercial use of a party. See. *Zimmerman v. Holiday Inns of America, Inc.*, 438 Pa. 528, 266 A. 2d 87 (1970), cert. denied, 400 U.S. 992. (1970); *Zimmerman v. B & C Motel Corporation*, 401 Pa. 278, 163 A. 2d 884 (1960); and *KoolVent Metal Awning Corp. v. Price*, 368 Pa. 528, 84 A. 2d 296 (1951). In the present case we are dealing with a matter of the similarity of corporate names rather than with the use of a common word as part of a trademark.

The record is clear that the phrase in question—"Virginia Manor"—was first used to describe the plans

---

[2] As the court noted in *Consolidated Home Specialties v. Plotkin*, *supra*, 358 Pa. at 29, the fact that the Department of State permitted the use of the challenged corporate name by granting a certificate of incorporation is not res adjudicata of the question whether the name adopted is deceptively similar to the name of another corporation. "Whether [the Department] considered the name whose use it 'permitted' 'deceptively similar' to the name already lawfully in use or did not consider the question at all, is immaterial to this proceeding."

of the appellees' predecessors in interest and was the principal element of their corporate name; the phrase was carried over by the appellees and has been used continuously by them since their incorporation. The similarity of the corporate names here in question and the likelihood of resultant confusion appear to us to be clear. Moreover, as noted above, the court below found on ample evidence that appellants adopted their corporate name, intending thereby to associate their enterprise with the activities of the appellees; the prevention of this sort of confusion is, of course, a principal policy underlying the restriction of §202. On the record before us the lower court's finding of deceptive similarity and its grant of injunctive relief were fully justified.

Decree affirmed; costs on appellant.

Mr. Justice Cohen took no part in the decision of this case.