## Harwood Fire Co. v. Harwood Fire Co. and Community Women's Auxiliary

*George I. Puhak,* for plaintiff.
*Thomas J. Carlyon,* for defendant.

PODCASY, J., June 19, 1973.—

### STATEMENT OF ISSUES

1. Is the nonprofit corporation name of defendant, The Harwood Fire Company and Community Women's Auxiliary deceptively similar to plaintiff's name, Harwood Fire Company?

2. Has defendant received permission or authorization from plaintiff to use the name "The Harwood Fire Company" as forepart of its name?

### FINDINGS OF FACT

1. Plaintiff is a nonprofit corporation organized and existing under the Nonprofit Corporation Law of the Commonwealth of Pennsylvania since 1947

with its principal place of business in Harwood Mines, Luzerne County, Pa.

2. Defendant is a nonprofit corporation organized and existing under the Nonprofit Corporation Law of the Commonwealth of Pennsylvania since 1971.

3. Prior to incorporating, representatives of defendant corporation requested approval of same as an auxiliary to plaintiff corporation and same was orally granted by the executive body of plaintiff without authority, however, to bind the so-called parent organization.

4. By vote of the entire membership of plaintiff, defendant's request was denied. This result was binding and effective. ·

5. Defendant corporation, nevertheless, petitioned the Pennsylvania Department of State for approval of its present name, and its charter was approved by the court.

## DISCUSSION

The foregoing facts are the only facts pertinent to resolving the issues before this court. On the strength of same, plaintiff seeks to have this court enjoin defendant from using the name "The Harwood Fire Company" in its articles of incorporation and from holding itself out to the public as being an auxiliary to plaintiff. The present dispute then is whether defendant's use of its name is permissible.

Section 1202B of the Business Corporation Law of May 5, 1933, P. L. 364, as amended, 15 PS §1202, reads, in part, as follows:

"The corporate name shall not be the same as, or deceptively similar to:

"(1) The name of . . . any unincorporated body whatsoever, voluntarily registered with the Depart-

ment of State under any act of Assembly, unless (i) where the name is the same or deceptively similar such other . . . unincorporated body (a) is about to change its name, or to cease to do business, or is being wound up . . . or (ii) where the name is deceptively similar the consent of such other . . . unincorporated body to the adoption of such name is filed with the Department of State.

"The consent of the . . . unincorporated body shall be evidenced by a certificate to that effect executed under the seal, if any, of the . . . body and signed by two duly authorized officers thereof."

This restriction, i.e., the use of a deceptively similar name, has not been officially or otherwise consented to by the plaintiff corporation. Section 1202D of the Business Corporation Law provides that a violation of 1202B shall not affect the corporate existence of the violator but that the "court of common pleas of any county having jurisdiction over the corporation may, upon the application of any . . . unincorporated body . . . adversely affected, enjoin the corporation from using or continuing to use a name in violation of this section."

The question before us is whether defendant's corporate name, i.e., The Harwood Fire Company and Community Women's Auxiliary is "the same as, or deceptively similar to" the corporate name of plaintiff, within the meaning of the statute.

There is no question in the court's mind that defendant's name is deceptively similar to the name of plaintiff. Both names have the words Harwood Fire Company in them, but defendant goes on and adds the words "and Community Women's Auxiliary." Nevertheless, reasonable minds would be led to believe that defendant, by its name in comparing that name with plaintiff's name, is an adjunct or a relative

of plaintiff; that plaintiff is the parent organization and defendant is its auxiliary. See Virginia v. Manor Land Co. v. Virginia Manor Apartments, Inc., 444 Pa. 351 (1971).

The court in the foregoing case states that section 1202 of the Business Corporation Law clearly grants a corporation the right to act to prevent another from operating under the same or a deceptively similar name. The right of the corporation to the exclusive use of its own name exists at common law, and includes the right to prohibit another from using a name so similar to the corporate name as to be calculated to deceive the public; the proscription and the remedy of section 1202 are but the statutory recognition of that common law right: Consolidated Home Specialties Company v. Plotkin, 358 Pa. 14 (1947).

The court in Consolidated Home, supra, noted that the fact that the Department of State permitted the use of the challenged name by granting a certificate of incorporation is not res adjudicata of the question whether the name adopted is deceptively similar to the name of another corporation, thus concluding, in effect, that defendant's consideration is immaterial to the proceedings.

The similarity of the corporate names here in question and the likelihood of resultant confusion appear to us to be patently clear. On the record before us (defendant offered no testimony), we conclude that the names are deceptively similar and injunctive relief is justified.

## CONCLUSION OF LAW

In view of the above, we find merit in plaintiff's complaint that defendant's name is deceptively similar and is being used without the consent of plaintiff.

## ORDER

Defendant is enjoined from using the name "The Harwood Fire Company" in its articles of incorporation and from holding itself out to the public as an auxiliary of plaintiff. The parties will pay their respective costs.