**Advanced Automation Associates Inc.
v. Advanced Automation Inc.**

C.P. of Cumberland County, no. 99-2840 Equity.

*Bruce A. Herald,* for plaintiff.
*James G. Morgan Jr.,* for defendant.

BAYLEY, *J.,* April 5, 2000—Plaintiff, Advanced Automation Associates Inc., a Pennsylvania corporation

with offices at 640 Rice Boulevard, Exton, Chester County, Pennsylvania, instituted this complaint in equity against defendant, Advanced Automation Inc., a Pennsylvania corporation with its registered office at 282 Louther Street, Lemoyne, Cumberland County, Pennsylvania. In its complaint, plaintiff avers that it filed articles of incorporation with the Pennsylvania Corporation Bureau on January 16, 1986, and that defendant filed articles of incorporation with the Pennsylvania Corporation Bureau on March 20, 1998. Plaintiff alleges that defendant's name is confusingly similar to its name and it seeks an order enjoining defendant from using or continuing to use its name. Defendant filed an answer denying that its name is confusingly similar to plaintiff's name. Plaintiff then filed this motion for summary judgment which was briefed and argued on March 1, 2000.[1] In *Washington v. Baxter*, 553 Pa. 434, 719 A.2d 733 (1998), the Supreme Court of Pennsylvania set forth the standard for deciding a motion for summary judgment: "we must view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Pennsylvania State University v. County of Centre,* 532 Pa. 142, 143-45, 615 A.2d 303, 304 (1992). In order to withstand a motion for summary judgment, a non-moving party 'must adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof such that a jury could return a verdict in his favor. Failure to adduce this evidence establishes that there is no genuine issue of material fact

---

1. No depositions, answers to interrogatories, admissions or affidavits were filed. Pa.R.C.P. 1035.1(2).

and the moving party is entitled to judgment as a matter of law.' *Ertel v. Patriot-News Co.*, 544 Pa. 93, 101-102, 674 A.2d 1038, 1042 (1996). Finally, we stress that summary judgment will be granted only in those cases which are free and clear from doubt. *Marks v. Tasman*, 527 Pa. 132, 589 A.2d 205 (1991)." *Id.* at 441, 719 A.2d at 737.

The Associations Code in reference to the incorporation of domestic business corporations provides at 15 Pa.C.S. §1303:

"*(a) General rule.*—The corporate name may be in any language, but must be expressed in Roman letters or characters or Arabic or Roman numerals, and shall contain:

"(1) the word 'corporation,' 'company,' 'incorporated' or 'limited' or an abbreviation of any of them;

"(2) the word 'association,' 'fund' or 'syndicate'; or

"(3) words or abbreviations of like import in languages other than English.

"(b) Duplicate use of names.—The corporate name shall not be the same as or confusingly similar to:

"(1) *The name of any other domestic corporation* for profit or not-for-profit which is either in existence or for which articles of incorporation have been filed but have not yet become effective . . . . (emphasis added) . . .

"*(e) Remedies for violation of section*—The use of a name in violation of this section shall not vitiate or otherwise affect the corporate existence but any court having jurisdiction, upon the application of: . . .

"(2) any person adversely affected; may enjoin the corporation from using or continuing to use a name in violation of this section."

Section 1303(b), which provides that the corporate name shall not be the same or confusingly similar to the

name of any other domestic corporation, was enacted in 1988, and effective on October 1, 1989. Neither we, nor counsel, have found any cases interpreting this section. Section 1303 replaced section 202 of the Business Corporation Law of 1933, 15 P.S. §1202, which at section 202B provided:

"The corporate name [of a Pennsylvania corporation] shall not be the same as, *or deceptively similar* to: (1) The name of any other domestic corporation . . . ." (emphasis added)

In *Virginia Manor Land Co. v. Virginia Manor Apartments Inc.*, 444 Pa. 351, 282 A.2d 684 (1971), the Virginia Manor Land Co., which sold building lots, incorporated in 1956. The Virginia Manor Apartments Inc. incorporated in November 1965. The Virginia Manor Apartments Inc. purchased land adjacent to property owned by Virginia Manor Land Co. with the intent of constructing an apartment complex. The Virginia Manor Land Co. brought a suit in equity under the then section 202 of the Business Corporation Law to enjoin the Virginia Manor Apartments Inc. from using its name. The issue, under the now repealed section 202 of the Business Corporation Law of 1933, was whether Virginia Manor Apartments Inc.'s corporate name was the same as or deceptively similar to the Virginia Manor Land Co. The trial court held that the name was deceptively similar, finding that the name Virginia Manor had been used exclusively by the corporation, had become associated with its developments, was not the name of a general geographic area, and had been selected because of its local importance and because it would associate its enterprise in the public mind. The Supreme Court of Pennsylvania affirmed the trial court, stating:

"Section 202 of the Business Corporation Law clearly grants a corporation the right to act to prevent another from operating under the same or a deceptively similar name. As this court has previously said, 'The right of the corporation to the exclusive use of its own name exists at common law, and includes the right to prohibit another from using a name so similar to the corporate name as to be calculated to deceive the public'; the proscription and the remedy of section 202 are but the statutory recognition of that common-law right. *Consolidated Home Specialities [sic] Company v. Plotkin*, 358 Pa. 14, 19, 55 A.2d 404 (1947). See also, *American Clay Mfg. Co. v. American Clay Mfg. Co.*, 198 Pa. 189, 193-94, 47 A. 936 (1901). Under Pennsylvania law protection of a corporate name may be sought and will be given without regard to the existence of a technical trademark where the name chosen by a defendant is the same as or deceptively similar to one already in use.[2]

"2. As the court noted in *Consolidated Home Specialties v. Plotkin, supra,* 358 Pa. at 29, the fact that the Department of State permitted the use of the challenged corporate name by granting a certificate of incorporation is not res adjudicata of the question whether the name adopted is deceptively similar to the name of another corporation. 'Whether [the department] considered the name whose use it "permitted" "deceptively similar" to the name already lawfully in use or did not consider the question at all, is immaterial to the proceeding.'

"It was not necessary in this case for appellees to prove the existence of a secondary meaning of the words 'Virginia Manor.' The concept of secondary meaning has developed as a means of determining when a word in

common parlance, *i.e.,* a word with a 'primary' meaning, may nevertheless be reserved and protected as a trade name for the exclusive commercial use of a party. See *Zimmerman v. Holiday Inns of America Inc.*, 438 Pa. 528, 266 A.2d 87 (1970), *cert. denied,* 400 U.S. 992 (1970); *Zimmerman v. B&C Motel Corporation,* 401 Pa. 278, 163 A.2d 884 (1960); and *KoolVent Metal Awning Corp. v. Price*, 368 Pa. 528, 84 A.2d 296 (1951). In the present case we are dealing with a matter of the similarity of corporate names rather than with the use of a common word as part of a trademark.

"The record is clear that the phrase in question—'Virginia Manor'—was first used to describe the plans of the appellees' predecessors in interest and was the principal element of their corporate name; the phrase was carried over by the appellees and has been used continuously by them since their incorporation. The similarity of the corporate names here in question and the likelihood of resultant confusion appear to us to be clear. Moreover, as noted above, the court below found on ample evidence that appellants adopted their corporate name, intending thereby to associate their enterprise with the activities of the appellees; the prevention of this sort of confusion is, of course, a principal policy underlying the restriction of section 202. On the record before us the lower court's finding of deceptive similarity and its grant of injunctive relief were fully justified." *Id.* at 355-57, 282 A.2d at 687-88.

In the case sub judice, defendant argues that the focus of the current section 1303(b) of the Associations Code is on situations involving unfair competition between parties in the same business. It maintains in its briefs that because the record consists of only the pleadings

and is devoid of facts to indicate what type of business both parties are in, who their customers are and what their customer base is, that plaintiff has not established as a matter of law that "the general public would either be confused by the corporate names or what customers comprise the customer base for either corporation, which is essential to a determination of whether a corporation is entitled to injunctive relief in this action." Plaintiff counters by arguing that under the statutory provision in section 1303(b) that protects its corporate name there is no issue of whether its name is entitled to protection as a trademark, or has acquired a secondary meaning, and that the protection afforded in section 1303 eliminates any requirement, as there was under the Act of 1933, of proving, as occurred in Virginia Manor Land Co., that the public would be deceived by the corporate names when the names are so similar on their face as to be confusing. We agree with plaintiff.

Although it is a trademark case, the decision of the Superior Court of Pennsylvania in *Conti t/d/b/a Shear Perfection v. Anthony's Shear Perfection Inc.*, 350 Pa. Super. 606, 504 A.2d 1316 (1986), is illuminating on the issue in the present case. The court reversed a decision of a chancellor in equity that denied injunctive relief to appellant, who operated a hairstyling salon "Shear Perfection," against appellee who opened a similar establishment "Anthony's Shear Perfection." The court noted:

*"There can be no doubt in common sense that 'Anthony's Shear Perfection' is deceptively similar to 'Shear Perfection.'* The law concurs. '. . . the infringement of a trade name lies in the similarity of the names involved and not in their identity.'. . . Therefore, the ad-

dition of the word 'Anthony's' before the two words in question does not protect appellee. The essential violation is still present; that an average customer could be led by the similarity into using the services of appellee rather than appellant's." *Id.* at 611, 504 A.2d at 1318-19. (footnote and citations omitted) (emphasis added)

The State of Michigan has a business corporation law that provides at M.C.L.A. 450.1212(1) that a corporation:

"(b) Shall distinguish the corporate name from . . . (i) The corporate name of any other domestic corporation or foreign corporation authorized to transact business in this state."

In *Educational Subscription Service Inc. v. American Educational Services Inc.*, 115 Mich. App. 413, 320 M.W.2d 684 (1982), the Michigan Court of Appeals stated that under this statute the Supreme Court of Michigan, although not definitively announcing a particular formula for determining whether names are confusingly similar, has generally concluded that corporate names are confusingly similar when the first two words of a compound name are identical and in the same sequence. The court has held that subject to two exceptions, corporate names are not confusingly similar when only one of the first two words of the name is the same. In other words, there are only two conditions under which the court has found corporate names to be confusingly similar in situations where only one of the first two words in each name is the same. The first is when one or more words of the plaintiff's corporate name has acquired a secondary meaning which would in and of itself serve to identify plaintiff with that word regardless of the context in which it was used, and the second is when the

first word of each corporate name is identical and particularly prominent or distinctive and, in addition, the third word of one company's name is the same as the second or third word of the other company's name.

In Pennsylvania, section 1303 of the Associations Code prohibits a corporation from operating in this state under either the same name or a confusingly similar name of another corporation. In the case sub judice, the first two words of the name of both plaintiff and defendant are "Advanced Automation." The fact that plaintiff has the word "Associates" in between the words "Advanced Automation" and "Inc.," does not change what is obvious and which common sense dictates, which is that the name Advanced Automation Inc. is confusingly similar to Advanced Automation Associates Inc. It would be hard to find two names that are not exactly the same that could be more confusingly similar. Accordingly, we are satisfied that plaintiff is entitled to summary judgment.

## FINAL DECREE

And now, April 5, 2000, it is decreed that:

(1) The motion of plaintiff for summary judgment is granted.

(2) Defendant, Advanced Automation Inc., is enjoined from using and continuing to use that name.

(3) Defendant shall immediately institute good faith steps to come into compliance with this decree.