615 A.2d 303

The PENNSYLVANIA STATE UNIVERSITY, Appellee,

v.

The COUNTY OF CENTRE, Board of Assessment Appeals and John T. Saylor, Keith Bierly, and Vicki Bumbarger, Members of the Board of Commissioners and of the Board of Assessment Appeals, Appellants.

Supreme Court of Pennsylvania.

Submitted May 5, 1992.

Decided Sept. 16, 1992.

Reargument Denied Oct. 28, 1992.

Thomas B. Schmidt, III, Harrisburg, for appellant.

Delbert J. McQuaide, State College, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

LARSEN, Justice.

Appellee Pennsylvania State University (University) instituted the underlying action in equity seeking, *inter alia*, to enjoin appellants County of Centre (County), Board of Assessment Appeals (Board) and John T. Saylor, Keith Bierly, and Vicki Bumbarger, who are members of the Board of Commissioners and the Board of Assessment Appeals, from assessing or taxing the University's property. This is an appeal from the order of the Commonwealth Court affirming the order of the Court of Common Pleas of Centre County, which granted the University's motion for summary judgment.

On June 28, 1984, the County notified the University that the Penn State Book Store and Mid–State Bank and Trust Company (Bank) facilities located on the University's property had been removed from tax exempt status. The University leases a portion of the property in question to the Bank, which utilizes the property for a branch office and automatic teller machines, and a portion to the Penn State Bookstore. The University appealed the tax assessment to the Board on August 6, 1984, asserting that the County lacked the power to levy, assess or collect real estate taxes on the University's

property. The County subsequently deleted the assessment against the Penn State Bookstore on November 28, 1984, leaving only the bank property at issue.

The University filed the present complaint in equity on January 10, 1985, seeking a court order: preliminarily enjoining appellants from conducting a hearing before the Board, enjoining the assessments already made and enjoining appellants from taking any further action to assess or tax the University until a final determination on the merits; and after a hearing, permanently enjoining appellants from assessing or taxing the University's property and declaring that appellants and their successors are without power to tax or assess the University's property. Appellants filed preliminary objections on January 30, 1985 and amended preliminary objections on February 15, 1985, which objections were overruled on September 30, 1985. Appellants filed an answer and new matter on October 29, 1985, to which the University filed a reply on December 9, 1985.

On March 26, 1986, the University filed a motion for summary judgment. In its motion for summary judgment, the University asserted that it is an agent of the Commonwealth and that the 1939 opinion of the Centre County Court of Common Pleas in *Pennsylvania State College v. County of Centre*, (No. 2 Equity November Term 1937, filed August 24, 1939), precluded the present action based on the doctrine of issue preclusion. The trial court, in the present action, determined that the *Pennsylvania State College* case, which was never appealed, held that Pennsylvania State College (now University) was an agency of the Commonwealth and could not be taxed absent specific statutory authority to do so. As such, the trial court held that the issue of whether the University is a Commonwealth agency was previously litigated and that the decision in *Pennsylvania State College* precluded the present litigation. Accordingly, the trial court granted summary judgment. Appellants then appealed to the Commonwealth Court, which affirmed.

■ Summary judgment is properly granted where "the pleadings, depositions, answers to interrogatories, and admis-

sions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Pa.R.C.P. 1035(b). "The record must be viewed in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party." *Marks v. Tasman,* 527 Pa. 132, 135, 589 A.2d 205, 206 (1991). Summary judgment may be entered only in those cases where the right is clear and free from doubt. *Musser v. Vilsmeier Auction Co., Inc.,* 522 Pa. 367, 369, 562 A.2d 279, 280 (1989).

■ At issue in this appeal is the applicability of the doctrine of issue preclusion, based on the prior decision in *Pennsylvania State College.* Appellants contend that the decision in *Pennsylvania State College* does not preclude taxation here because significant changes in the factual circumstances of the University's relationship with the Commonwealth and in the property's use have occurred in the last 50 years. We agree.[1]

In *Pennsylvania State College,* the Centre County Court of Common Pleas was called upon to determine whether certain property belonging to the College was subject to taxation by the municipal subdivisions of the Commonwealth. The case arose after the County and several other local municipalities assessed and taxed portions of the College's property for the years 1935–1937, and upon nonpayment of taxes, advertised the property for public sale by the County Treasurer. The property in question consisted of nine tracts of farmland used by the College as an agricultural laboratory for student instruction and agricultural experimentation. The College brought an action in equity to have the County and local municipalities enjoined from selling the property at the County Treasurer's sale and from assessing or levying taxes on the property in question.

---

1. Because we find merit to this argument, we do not address the other arguments advanced by appellants for not applying the doctrine of issue preclusion.

The court in *Pennsylvania State College* specifically held that:

A review of the history of the organization and development of the Pennsylvania State College makes it clear that it is an agency of the Commonwealth for the purpose of carrying on educational functions and experimentation, with particular emphasis upon education and experiment of an agricultural character.

Slip Op. at 10–11. The court in *Pennsylvania State College* went on to describe the history of the College and its relationship with the Commonwealth, find that the property in question was being utilized solely for educational and agricultural purposes, and state that "Once the conclusion is reached that the [College] is an agency of the state government, it follows that its property is exempt from taxation." *Id.* at 15. In support of this exemption, the court in *Pennsylvania State College* stated that:

The specific constitutional and statutory authorities for this exemption of public property are found in Article IX, Section 1, of the Constitution of Pennsylvania, and in the Act of 1933, P.L. 853, Article II, Section 204, 72 P.S. 5020–204 (supplement). The Constitutional provisions, Article IX, Section 1, reads as follows:

"Section 1. Taxes to be uniform; exemptions. All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws; but the General Assembly may, by general laws, exempt from taxation public property used for public purposes, actual places of religious worship, places of burial not used or held for private corporate profit, institutions of purely public charity, and real and personal property owned, occupied, and used by any branch, post, or camp of honorably discharged soldiers, sailors, and marines."

The power given to the General Assembly to exempt "public property used for public purposes" has been exercised in the Act of 1933 above cited as follows:

"The following property shall be exempt from all county, city, borough, town, township, road, poor and school tax, to wit:

"(g). All other public property used for public purposes, with the ground thereto annexed and necessary for the occupation and enjoyment of the same."

*Id.* at 16–17. In summation, the court in *Pennsylvania State College* reviewed the College's history as a public institution and specifically found that the College:

(1) was established and is maintained in furtherance of a long-established government policy of aid to agricultural education and experimentation;

(2) in recent years it has become the center of an additional large system of extension work whereby agricultural education is brought in contact with farmers in their own sections, and the results of experimentation are disseminated;

(3) it has from the beginning relied principally for its support upon appropriations made by the state and federal governments;

(4) its board of directors is so constituted that control is given to the public, a substantial part of which is directly in the government;

(5) the plant of the college and experimental station have been so established by public funds that the institution is under compulsion to conduct such agricultural college and experiment station, and is not free at its option to divert its property and franchises to other purposes; [and]

(6) the institution is the one of its kind in the State, and the history of its relations with the state government indicate throughout the recognition of its peculiar character as a state agency.

*Id.* at 24–25. The court in *Pennsylvania State College* then concluded that "[i]n view of these circumstances as to the institution it seems clear that the Pennsylvania State College is an institution of such a public nature that its property and activities are not subject to local taxation." *Id.* at 25. As a result, the court in *Pennsylvania State College* entered an

order enjoining "the further assessment and attempt to subject the levy of taxes on the said tracts so long as the same continue to be owned by the [College] and used substantially as during the years 1935, 1936 and 1937."[2]

In *Clark v. Troutman*, 509 Pa. 336, 340, 502 A.2d 137, 139 (1985), this Court adopted the Restatement (Second) of Judgments § 27 (1982) definition of issue preclusion, which provides:

> When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.

However, Comment c to § 27 states, in relevant part, that:

> **Sometimes, there is a lack of total identity between the matters involved in the two proceedings because the events in suit took place at different times.** In some such instances, the overlap is so substantial that preclusion is plainly appropriate. See Illustration 8. Preclusion ordinarily is proper if the question is one of the legal effect of a document identical in all relevant respects to another document whose effect was adjudicated in a prior action. And, in the absence of a showing of changed circumstances, a determination that, for example, a person was disabled, or a nonresident of the state, in one year will be conclusive with respect to the next as well. In other circumstances the burden of showing changed or different circumstances should be placed on the party against whom the prior judgment is asserted. See Illustration 7. **In still other**

---

**2.** We note that the court in *Pennsylvania State College* also held that the College "is an institution of purely public charity," (*Conclusion of Law No. 1*, slip op. at 26) and based its determination that the College's property is exempt from taxation, in part, upon that alternative ground. However, the only aspect of the court's decision in *Pennsylvania State College* that is at issue here is its holding that the College is a Commonwealth agency. The trial court in the instant case determined that the holding in *Pennsylvania State College* that the College is a state agency precluded the instant litigation and granted summary judgment solely on that basis. Thus, the only issue before this Court is whether the doctrine of issue preclusion applies to this case—with respect to the Commonwealth agency exemption only.

circumstances, the bearing of the first determination is so marginal because of the separation in time and other factors negating any similarity that the first judgment may properly be given no effect. See Illustration 9.

＊＊　＊　＊　＊　＊　＊

[Illustration]

9. In an action brought by the A corporation against the taxing authorities with respect to taxes for the year 1940, judgment is based on a determination that A should have been taxed as a nonresident corporation because it had no office or place of business in the state. A similar action is brought by A with respect to taxes for the year 1970. If it is concluded that the separation in time between the two proceedings is so great that the first determination has little if any bearing on the question whether A had an office or place of business in the state in 1970, then the first judgment should be given no effect on that question and A should have the same burden of proof as that imposed on any other taxpayer.

Restatement (Second) of Judgments § 27 comment c, illustration 9 (1982) (emphasis added).

Given the significant changes in the University that have evolved over the last 50 years, we find that there is a lack of identity between the matters involved in *Pennsylvania State College* and those involved in the instant action. To begin with, University students now pay tuition, unlike their counterparts in 1939, and state appropriations have decreased as a percentage of total University revenues, resulting in the fact that the University's principal means of support are no longer state and federal funds but private and federal funds.[3] In addition, the composition of the Board of Directors is no longer public—much less governmental—in nature, and therefore, authority to dispose of University property is not within the purview of the Commonwealth.[4] Appellate courts in this

3. Brief of Appellants at p. 29.
4. Originally, management of the University was placed in a Board of Trustees, consisting of thirteen persons. 24 P.S. § 2532. Under 24 P.S. § 2533, the first Board of Trustees and their successors in office:

Commonwealth have found these and similar factors to be characteristics of a nonprofit corporation chartered for educational purposes—not an agency of the Commonwealth.[5]

The University, in terms of the factors considered by the court in *Pennsylvania State College*, is no longer the same institution that it was in 1939. In view of the wholly changed circumstances and the significant passage of time, the bearing

... are hereby elected and declared to be a body politic and corporate in law, with perpetual succession, by name, style and title of the [University], by which name and title the said trustees, and their successors, shall be able and capable in law to take by gift, grant, sale or conveyance, by bequest, devise or otherwise, any estate in any lands, tenements and hereditaments, goods, chattels or effects, and at pleasure to alien or otherwise dispose of the same to and for the uses and purposes of the said institution....
In 1939, the court in *Pennsylvania State College* determined that: The total number of Trustees is 31. Of these the Governor of Pennsylvania, Superintendent of Public Instruction, Secretary of Agriculture and President of The Pennsylvania State College are ex officio members; six Trustees are appointed by the Governor; nine Trustees are elected by the general Alumni Association of the College; and "twelve Trustees to be elected by delegates from the societies and associations hereinafter named.... **It is self evident that a Board of Trustees so constituted is of a public nature, and except for the direct representatives of the government and the representatives chosen by the Alumni, it is apparently attempted to obtain representation of the diverse agricultural and industrial interests of the different parts of the Commonwealth."**
Slip Op. at 14 (emphasis added).
However, as of 1990, "the Board of Trustees is composed of 32 members only 10 of whom are Commonwealth representatives. The Board of [the University] retains authority over the disposition of the corporation's property, not subject to review by the Commonwealth. Section 3 of the act of incorporation, 24 P.S. § 2533." *Roy v. Pennsylvania State University*, 130 Pa.Commw. 468, 473, 568 A.2d 751, 753. *See also Brush v. Pennsylvania State University Board of Trustees*, 249 Pa.Super. 164, 182–84, 375 A.2d 810, 819 (1977) (Opinion in Support of Reversal).

**5.** *Mooney v. Board of Trustees of Temple University*, 448 Pa. 424, 292 A.2d 395 (1972) (Supreme Court held that Temple University, although part of the Commonwealth's system of higher education, was not a state agency); *Roy v. Pennsylvania State University*, 130 Pa.Commw. 468, 568 A.2d 751 (1990) (Commonwealth Court, relying entirely on *Mooney*, determined that the University is not an agency of the Commonwealth pursuant to the Right to Know Act, 65 Pa.C.S.A. § 66.1 *et seq.*); and *Brush v. Pennsylvania State University Board of Trustees*, 249 Pa.Super. 164, 375 A.2d 810 (1977) (Superior Court held that the University is not a state agency under the Appellate Court Jurisdiction Act, 17 Pa.C.S.A. § 211.101 *et seq.* (repealed)).

of the first decision is marginal at best. *See Commissioner v. Sunnen,* 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898 (1948) and *Schubach v. Silver,* 461 Pa. 366, 336 A.2d 328 (1975).

Additionally, the subject matter in *Pennsylvania State College* involved College farmlands devoted solely to educational and experimental purposes and within the exclusive possession of the College. The court in *Pennsylvania State College* specifically stated that the College farmlands in question were exempt from taxation because they constituted public property used for public purposes. In the instant case, the subject matter involves University property leased to a third party for commercial purposes, not educational purposes and not within the possession of the University. This evidences a further lack of identity because the property at issue here is not being used or occupied for public purposes, which was one of the bases for the court's decision in *Pennsylvania State College.*

■ Because of this lack of identity, the doctrine of issue preclusion does not apply, and therefore, there exists a genuine issue to be resolved i.e., whether the University is a state agency. As such, summary judgment is not appropriate.

Accordingly, we reverse the decision of the Commonwealth Court and remand the case to the Court of Common Pleas for further proceedings consistent with this opinion.