640 A.2d 888

**Richard N. KAPRES, Appellant,**

v.

**Charles HELLER, Randy Richard, Kirk Butryn, Anthony Gatti, Michael DeCapua, Michael Cole, John Luzier, Curtis P. Aldrich and Larry L. Kifer t/d/b/a Aldila Enterprises, Robert Pasko, John Galeza, Steve Amsdall, Brian Reese, Robert McCarthy, Brett Black, Mike Flinchbaugh, Richard L. Martin and Sharron Stroup Martin, Gregg Shapiro, Paul Sever, Christopher Iezzi, John Besic, Don Scovotti, Mark Allison, Phi Sigma Fraternity, Sidney Miles, Appellees,**

v.

**Donald J. BEICHNER and Jeff Cingle, Additional Appellees.**

Supreme Court of Pennsylvania.

Argued Sept. 22, 1993.

Decided April 12, 1994.

Peter B. Skeel, Swensen, Perer & Johnson, Pittsburgh, for Sidney Miles.

Louis Anstandig, Anstandig, Levicoff & McDyer, Pittsburgh, for Curtis Aldrich and Larry Kifer.

Thomas R. Doyle, Simasek, Hutton & Doyle, Pittsburgh, for Brian Reese.

Elizabeth T. Winson, John M. Giunta, C. Leon Sherman & Associates, Pittsburgh, for Michael DeCapua.

Harry Stump, Pittsburgh, for appellant.

Peter Breslauer, David L. Grove, Philadelphia, for amicus curiae Susan C. and Frederick F. Muntz.

Sibyl S. McNulty, Frederic E. Orlansky, Riley & DeFalice, P.C., Pittsburgh, for John Galeza.

Dara A. DeCourcy Zimmer, Kunz, Loughren, Hart, Lazaroff, Trenor, Banyas & Conaway, P.C., Pittsburgh, for Brett Black and Mike Flinchbaugh.

Anthony G. Marsili Mears & Smith, Greensburg, for Christopher Iezzi.

Paul W. Roman, Jr., Dickie, McCamey & Chilcote, Pittsburgh, for Randy Richard.

John A. Robb, Jr., Robb, Leonard & Mulvihill, Pittsburgh, for John Luzier.

Frederick Egler, Jr., Edward L. Russakoff, Egler, Garrett & Egler, Pittsburgh, for Robert Pasko.

Alan S. Baum, Grigsby, Gaca & Davies, Pittsburgh, for Richard and Sharon Martin.

Arthur J. Murphy, David L. Haber, Pittsburgh, for Gregg Shapiro.

David R. Johnson, G. Jay Habas Thomson, Rhodes & Cowie, Pittsburgh, for Paul Sever.

Robert J. Marino, Dickie, McCamey & Chilcote, Pittsburgh, for Jeff Cingle.

James R. Miller and Edward R. Miller, Dickie, McCamey & Chilcote, Pittsburgh, for Robert McCarthy.

Judy A. Olmstead and Andrew W. Blenko, Reale, Fossee & Appelbe, Pittsburgh, for Steve Amsdall.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY, CASTILLE and MONTEMURO, JJ.

## OPINION OF THE COURT

CAPPY, Justice.

The question before the Court is whether a minor can be held liable under the social host doctrine for furnishing alcohol to another minor, who is subsequently injured as the proximate result of his intoxicated condition. For the reasons that follow we find no basis for liability between minors under the social host doctrine.[1]

---

1. The social host doctrine is a general phrase used to designate a claim in negligence against a person (the host) who provides alcoholic beverages to another (the guest), without remuneration, where the guest then

On March 21, 1986 the plaintiff, a student at Clarion University, attended three parties in Clarion, Pennsylvania hosted by the minor defendants. At one of the parties the plaintiff was required to pay for admission. He consumed alcohol at each of the parties. While walking away from the last party the plaintiff was struck by an automobile and suffered various injuries. He was 19 years of age at the time and had a blood alcohol level of 0.196.[2]

The plaintiff then commenced the present action against various defendants for negligently serving him alcohol which caused his intoxication. Plaintiff asserts that his intoxicated condition was the proximate cause of his being struck by an automobile driven by an additional defendant.[3] The minor defendants each filed motions for summary judgment which were granted by the trial court. The appeals from the various motions for summary judgment regarding the minor defendants were consolidated in the Superior Court and the judgment of the trial court was affirmed, with one judge dissenting. 417 Pa.Super. 371, 612 A.2d 987. This Court granted the plaintiff's Petition for allowance of Appeal.

When reviewing a grant of summary judgment by a trial court our standard of review is as follows:

> sustains injuries, or causes injury to a third person as a result of his intoxicated condition. The theory is that the host should be liable for the injuries as he is the person who furnished the intoxicating beverages. *See, Klein v. Raysinger,* 504 Pa. 141, 470 A.2d 507 (1983) (compiling definitions of the social host doctrine utilized in various jurisdictions).

2. Under the Pennsylvania Motor Vehicle Code a person is presumed to be under the influence of alcohol with a blood alcohol reading of 0.10%. 75 Pa.C.S. § 1547(d)(3).

3. The original defendants can be divided into three categories. One defendant is an adult tenant within one of the apartments where a party was held on the night of March 21, 1986. The second group of defendants are landlords of the premises where the parties were held on March 21, 1986. The third group of defendants, and the only parties involved in the present appeal, are the minors who sponsored the various parties on March 21, 1986, and are alleged to have actually furnished alcoholic beverages to the plaintiff. The motions for summary judgment on behalf of the adult tenant and each of the landlords were granted by the trial court. Those Orders were affirmed by the Superior Court and are not subject to this appeal.

Summary judgment is properly granted where 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law.' Pa. R.C.P. 1035(b). 'The record must be viewed in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.' *Marks v. Tasman,* 527 Pa. 132, 135, 589 A.2d 205, 206 (1991). Summary judgment may be entered only in those cases where the right is clear and free from doubt. *Musser v. Vilsmeier Auction Co., Inc.,* 522 Pa. 367, 369, 562 A.2d 279, 280. (1989).

*Pennsylvania State University v. County of Centre,* 532 Pa. 142, 615 A.2d 303, 304 (1992).

Summary judgment was granted upon the trial court's determination that the minor defendants who provided alcohol to the minor plaintiff, owed no duty to the minor plaintiff for injuries he sustained as a result of his intoxication, thus, the plaintiff could not recover against the defendants as a matter of law. The plaintiff asserts that summary judgment should not have been sustained arguing that as a minor a duty is owed to him under the social host doctrine consistent with this Court's opinion in *Congini by Congini v. Portersville Valve Co.,* 504 Pa. 157, 470 A.2d 515 (1983). To resolve this question we must review the social host doctrine as developed in Pennsylvania.

In *Klein v. Raysinger,* 504 Pa. 141, 470 A.2d 507 (1983), this Court first addressed the concept of social host liability.[4] In *Klein* the plaintiffs were injured when their vehicle was struck by Raysinger after he had consumed alcohol as a social guest of the additional defendants, the Gilligans. After a thorough review of the case law from numerous jurisdictions which had

---

**4.** This Court's earlier decision in *Manning v. Andy,* 454 Pa. 237, 310 A.2d 75 (1973), was not dispositive of the social host liability issue as it dealt specifically with the question of whether a cause of action could be maintained under the Pennsylvania liquor code, 47 P.S. § 4-493(1), against non-licensed persons who furnish alcoholic beverages for no remuneration.

considered the question of social host liability, this Court concluded:

> Thus, the great weight of authority supports the view that in the case of an ordinary able bodied man it is the consumption of the alcohol, rather than the furnishing of the alcohol, which is the proximate cause of any subsequent occurrence. This is in accord with the recognized rule at common law. See Anno: *Damage from Sale or Gift of Liquor or Drug.* 97 A.L.R.3d 528 § 2 at 533 (1980); 45 Am.Jur.2d Intoxicating Liquor § 553. We agree with this common law view, and consequently hold that there can be no liability on the part of a social host who serves alcoholic beverages to his or her adult guests.

*Klein,* 504 Pa. at 148, 470 A.2d at 510–11. Accordingly, this Court found the Gilligans had no liability for the injuries sustained by Klein, nor for those suffered by Raysinger.

On the same day that this Court announced the rule in *Klein* rejecting the theory of social host liability, we also announced an exception to *Klein* for those situations where alcohol is furnished to a minor by an adult. That exception was created in *Congini,* the case upon which the plaintiff herein relies.

The plaintiff in *Congini* was an eighteen year old employee of the defendant who had consumed alcohol at a company Christmas party. Upon driving himself home from the party he drove into the rear of another vehicle. As a result of the accident he suffered various injuries rendering himself permanently disabled.

In *Congini,* this Court found that the rule of *Klein* which places the responsibility upon an adult for the consequences of his or her own consumption of alcohol does not apply in those situations where an adult furnishes alcohol to a minor. This exception was carved out essentially on the basis that minors are judged to be incompetent to handle alcohol. Thus, public concerns for the safety of minors places a duty upon an adult to ensure that a minor is not furnished with alcohol. *Congini* 504 Pa. at 162–63, 470 A.2d at 518. This Court, however, did

not wholly release the minor from responsibility for consuming alcohol however, as the Court further held that the minor's contributory negligence must also be considered. *Id.*

In the present case the Plaintiff argues that we should hold the minor defendants to the standard required of adults in *Congini*, while providing to him the protections specially afforded minors under the same principle. The illogic of this argument is apparent on its face. Both the plaintiff and the defendant are considered under the law incompetent to handle alcohol. Both the plaintiff and the defendant would be responsible under the law for their own actions in furnishing or consuming alcohol.[5] Thus, it is more logical and consistent with the prevailing view on social host liability in this Commonwealth to find that one minor does not owe a duty to another minor regarding the furnishing or consumption of alcohol.[6]

The exception carved out in *Congini* remains valid in those cases where an adult, who under the eyes of the law is presumed to know the effects of alcohol, furnishes alcohol to a minor, who is presumed under the law incompetent regarding the effects of alcohol. That exception has no validity in the instant case.

Accordingly, the decision of the Superior Court is affirmed.

LARSEN, J., did not participate in the consideration or decision of this case.

PAPADAKOS, J., files a dissenting opinion which is joined by MONTEMURO, J.

---

**5.** *See,* 18 Pa.C.S. § 6308(a) provides: "A person commits a summary offense if he, being less than 21 years of age, attempts to purchase, purchases, consumes, possesses or knowingly and intentionally transports any liquor or malt or brewed beverages ..."

**6.** We recognize that the United States Court of Appeals for the Third Circuit has come to the opposite conclusion on this issue in *Fassett v. Delta Kappa Epsilon,* 807 F.2d 1150 (3rd Cir.1986). In that case the Circuit Court concluded that this Court would interpret *Congini* to apply in situations where one minor furnishes alcohol to another minor. However, the interpretation proposed by the Third Circuit Court of Appeals as to Pennsylvania law on this subject is not binding and, with all due respect, is inconsistent with our conclusions as stated herein.

558

MONTEMURO, J., who was an appointed Justice of the Court at the time of argument, participated in the decision of this case in his capacity as a Senior Justice.

PAPADAKOS, Justice, dissenting.

I dissent. Persons under the age of 21 (here, between 18 and 21) who provide alcohol to others under the age of 21 should be held liable for resultant injuries under the social host doctrine spelled out in *Congini by Congini v. Portersville Valve Co.*, 504 Pa. 157, 470 A.2d 515 (1983).

In *Congini*, the source of social host liability for adults serving alcohol to minors was the Crimes Code, specifically 18 P.S. § 6308. Because all persons under 21 (including juveniles) are also potentially criminally liable as accomplices for furnishing alcohol to others under 21, they should be held civilly liable as well. The civil immunity conferred by the majority should not exist for social hosts under 21 where they could face criminal responsibility for the same acts. The opposite result would be more in keeping with a public policy that recognizes the pervasive danger of alcohol abuse, imposes *per se* liability on adult social hosts who serve alcohol to minors (under *Congini*), and that, moreover, treats 18 to 21 year olds as adults for most purposes (the hosts in the instant case were all between 18 and 21 when the alcohol in question was served). Nothing in our later decision in *Alumni Association v. Sullivan*, 524 Pa. 356, 572 A.2d 1209 (1990), incidentally, lends support to the result reached by the majority today. For the reasons set forth above, I would reverse the decision of the Superior Court majority in this case and I would rule in accordance with Judge Beck's dissenting opinion.

MONTEMURO, J., joins this dissenting opinion.