## Byank v. Ski Liberty

C.P. of Adams County, no. 98-S-504.

*Richard Oare,* for plaintiff.
*Hugh M. Emory,* for defendants.

SPICER, *P.J.,* January 14, 1999—Lisa S. Byank sues for injuries she claims to have sustained when 16 years of age. Included in her demand for damages are medical expenses paid either by her parents' insurance carrier or by her parents. Her parents are not parties to this action. Defendant has moved for partial summary judgment, arguing that any claim for medical expenses incurred prior to plaintiff's 18th birthday is not recoverable by her.

The following facts are supported by the record: Plaintiff, who was born September 6, 1976, was injured in a skiing accident January 17, 1992. Plaintiff commenced suit January 13, 1995 by filing a writ of summons in the Court of Common Pleas of York County, Pennsylvania. The pleading relevant to the defendant's motion is a second amended complaint, filed August 28, 1996. Plaintiff filed two affidavits November 17, 1998. In hers, she stated:

"(1) I was a dependent of my parent at the time of the accident and at the time I filed the complaint in the within action.

"(2) I was carried as an insured on my parents' health insurance at the time of the accident and that health insurer paid all bills arising from the accident for which I am seeking reimbursement from the defendant in this claim."

The other affidavit was that of Dr. Ronald P. Byank, plaintiff's father. Dr. Byank stated that plaintiff was his dependent and resided with him at the time of accident and when suit was filed. Paragraph 3 states, "At the time Lisa S. Byank was injured, she, as my daughter, was covered as a dependent insured by my health insurance policy."

Venue was transferred from York County to this court April 1, 1998.

The standard that we must apply may be summarized as follows:

"Summary judgment is properly granted where 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law.' Pa.R.C.P. 1035(b). 'The record must be viewed in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.' *Marks v. Tasman,* 527 Pa. 132, 135, 589 A.2d 205, 206 (1991). Summary judgment may be entered only in those cases where the right is clear and free from doubt. *Musser v. Vilsmeier Auction Co. Inc.,* 522 Pa. 367, 369, 562 A.2d 279, 280 (1989).

*"Pennsylvania State University v. County of Centre,* 532 Pa. 142, [144-45,] 615 A.2d 303, 304 (1992)." *Kapres v. Heller,* 536 Pa. 551, 555, 640 A.2d 888, 890 (1994).

Further, under Pa.R.C.P. 1035.2, summary judgment is appropriate if a party fails to meet his or her burden of producing evidence of facts essential to a cause of action or defense which in a jury trial would require the issue to be submitted to a jury. *Ertel v. Patriot-News Co.,* 544 Pa. 93, 674 A.2d 1038 (1996).

Plaintiff argues that the collateral source rule applies. The rule can be summarized as follows:

(1) It is well settled law that a plaintiff in a personal injury suit seeking costs of medical services provided him or her as a result of a tort-feasor's wrongdoing is entitled to recover the reasonable value of those services. Plaintiff may recover even though he or she expended nothing for those services. *Kashner v. Geisinger Clinic,* 432 Pa. Super. 361, 638 A.2d 980 (1994).

(2) Substantive tort law prevents a wrongdoer from taking advantage of the fortuitous existence of a collateral source of recovery or payment. *Palmosina v. Laidlaw Transit Co. Inc.,* 445 Pa. Super. 121, 664 A.2d 1038 (1995).

(3) The principle behind the collateral source rule is that it is better for a wronged plaintiff to receive a potential windfall than for a tort-feasor to be relieved of responsibility for the wrong. *Johnson v. Beane,* 541 Pa. 449, 664 A.2d 96 (1995).

While these are powerful arguments against granting summary judgment, defendant points to an impressive line of cases that suggest that plaintiff is not entitled to maintain an action for medical expenses. Defendant reasonably argues that if plaintiff cannot properly assert

and recover on a claim for medical expenses, policy reasons for the collateral source rule unravel and become irrelevant.

Plaintiff cites Restatement (Second) of Torts §920A, comment b, and 77 ALR 3d 416, *Collateral Source Rule—Medical Insurance* as further authority for her position that summary judgment is inappropriate. There is some logic to her argument that her position is comparable to that of a worker whose medical insurance is paid by an employer. However, several observations are in order: (1) medical benefits are an integral part of most employment packages, and it can be argued that it is the employee who actually pays premiums; see *Panichelli v. Liberty Mutual Insurance Group,* 543 Pa. 114, 118, 669 A.2d 930, 932 (1996), (2) unlike a parent, who has fulfilled duties of support by providing medical care, neither an employer nor an insurance carrier has the right to proceed directly against a tortfeasor, and (3) one of the cases cited in the ALR article supports defendant's position. A federal district court held, in *Miron v. APCO Corp.* (1968, D.C. Wis.) 284 F. Supp. 664, that a mother could recover for medical expenses incurred on her child's behalf, even though the expenses were paid by her second husband's insurance. (pp. 429, 430.)

This judge's review of case law leads him to conclude that Pennsylvania law comports with the *Miron* holding. Numerous cases state that a personal injury to a minor gives rise to two distinct causes of action, one of which is a parent's claim for medical expenses. *Simmns v. Parkette National Gymnastic Training Center,* 670 F. Supp. 140 (E.D. Pa. 1987) (parent's prospective release barred parent's, but not child's action); *Stein v. Richardson,* 302 Pa. Super. 124, 448 A.2d 558 (1982) (parents' writ of summons did not commence action for child

when child not included in caption; mere fact that Pa.R.C.P. 2228(b) requires joinder did not affect fact that actions were separate and distinct); *Brower v. City of Philadelphia,* 124 Pa. Commw. 586, 557 A.2d 48 (1989), *alloc. denied,* 525 Pa. 604, 575 A.2d 569 (1990) (although claim for medical expenses is a separate and distinct cause of action, parents could not recover for such expenses incurred after child attained majority).

The law is expressed in *Hathi v. Krewstown Park Apartments,* 385 Pa. Super. 613, 561 A.2d 1261 (1989), where parents sued for past and future medical expenses. Partial summary judgment was granted, the court holding that, because parents were over 18 at all relevant times and received no benefit from 42 Pa.C.S. §5533, their claim was barred by a two-year statute of limitation. In its discussion, Superior Court said:

"[Parents] contend that their tort claim is derivative of [son's] claim. If he is entitled to sue, then they are.

" 'Under Pennsylvania law personal injury to a minor gives rise to two separate and distinct causes of action, one the parents' claim for medical expenses and loss of the minor's services during minority, the other the minor's claim for pain and suffering and for losses after minority.'

". . . Parents may pursue their claims, arising from tortuous injury of the child, even where the child's claim is barred. . . . If both the parent and the child have claims against a defendant for injury to the child, the parents may prevail while the child loses. . . . The claims of [parents] are not derivative of their son's claims. Their claim may be barred while his is still assertable." 385 Pa. Super. at 616, 561 A.2d at 1262. (citations omitted)

It would not be terribly surprising if a future appellate decision gives greater deference to the collateral source

rule and changes the law in this area. This court is not an appellate court, and must follow the law as presently stated.

Defendant is entitled to partial summary judgment as a matter of law.

## ORDER

And now, January 14, 1999, the motion for partial summary judgment as to claims for medical expenses incurred during plaintiff's minority is granted. Summary judgment as to those claims is entered in favor of defendant and against plaintiff.