**Currie v. Phillips**

C.P. of Lackawanna County, no. 03-CV-378.

*Richard M. Jurewicz,* for plaintiff.
*Richard G. Fine* and *Jeffrey E. Havran,* for defendant Phillips.
*Howard A. Rothenberg,* for defendant Lyons, individually and t/d/b/a Mulberry Street Inn aka Oscar's.

*James Doherty,* for additional defendant Pippet.

*Timothy E. Foley* and *Daniel Cummins,* for additional defendant Potts.

*Ben Nicolosi,* for additional defendant Raymond.

*Joseph McNulty Jr.,* for additional defendant Every.

*Patrick Gibbons,* for additional defendant Faherty.

*Carl J. Guagliardo,* for additional defendant Barnes.

*Gerard J. Cipriani* and *Eugene F. Hickey II,* for additional defendant Pearce.

*Thomas J. Kelley,* for additional defendant Clearkin.

*James J. Conaboy,* for additional defendant Poli.

*James C. Haggerty* and *James D. Cella,* for additional defendant Constable.

MINORA, *J.,* January 18, 2005—

## INTRODUCTION

Presently before the court is a motion for judgment on the pleadings pursuant to Pa.R.C.P. 1034, brought by additional defendant, Ryan Potts. The plaintiff and original defendant, David Phillips, have filed timely responses together with their briefs in opposition to said motion to which the additional defendant, Ryan Potts, filed a reply brief in support of his motion for judgment on the pleadings. The parties have presented their respective arguments to the court on September 29, 2004. We now consider this matter ripe for disposition. The allegations as set forth in the pleadings are as follows:

## STATEMENT OF THE CASE

The within action was commenced by the plaintiff, J. Craig Currie, administrator ad prosequendum of the estate of Robert Christopher Skaf, on January 23, 2003.

Plaintiff's complaint alleges that Robert Christopher Skaf died April 28, 2002 after attending a party at 415 Taylor Avenue, Scranton, Pennsylvania, where he had consumed alcoholic beverages. The original complaint names David Phillips and Robert R. Lyons, with his business entity, the Mulberry Street Inn, as defendants in this matter. The original defendant, David Phillips, owned the apartment building at 415 Taylor Avenue, Scranton, Pennsylvania and leased said premises to a number of the additional defendants, including Ryan Potts, Timothy Pippett, Kevin Clearkin, Brian Shields, Matthew Barnes, Christopher Poli and Christopher Constable. The complaint further alleges that on the night in question, after attending the party at 415 Taylor Avenue, Skaf, the deceased, went to a bar owned and operated by the defendant, Lyons, known as "Oscar's," where he consumed additional alcoholic beverages. At the time of Skaf's death, he was 20 years of age and, therefore, a minor for alcohol consumption purposes within the Commonwealth of Pennsylvania.

Skaf's estate commenced the within action against Phillips as the owner of 415 Taylor Avenue, Scranton, Pennsylvania, where Skaf was found dead on April 28, 2002. Apparently, Skaf had gone to those premises to stay for the night and at some time during the early morning hours of April 28, 2002 he attempted to walk up a flight of stairs in which there were no handrails or railings and apparently fell causing fatal injuries. Skaf's estate likewise filed suit against Lyons, the owner of Oscar's Bar, where Skaf had last consumed alcoholic beverages on April 27 and April 28, 2002.

After service of the initial complaint, the original defendant, David Phillips, filed a writ of summons joining

numerous additional defendants including the moving defendant, Ryan Potts. The joinder complaint was ultimately filed by Phillips on September 29, 2003, presenting claims against the additional defendants, including Potts, for negligence and social host liability. Two additional defendants, Jared Every and James Pearce filed preliminary objections to the joinder complaint which were resolved by memorandum and order of this court dated July 22, 2004.

The Phillips' joinder complaint avers that Potts was a tenant of 415 Taylor Avenue, Scranton, and on April 27, 2002, he collectively sponsored the "Second Annual Beer Pong Tournament" with the other tenants of 415 Taylor Avenue which was held upon said premises. Additionally, Potts had assisted in organizing the event as well as advertising the tournament together with the other additional defendants. It is also noted that contestants and attendees of the party were required to pay $5 to gain entrance to the event. Throughout the evening, the additional defendants provided nine kegs of beer to all party participants, including those under the age of 21.

The joinder complaint avers that Potts, among others, was charged with and had pled guilty to violations of 18 Pa.C.S. §6310.1(a)[1] as well as 47 Pa.C.S §4-492 (2).[2] In the joinder complaint as well as the answer and brief in opposition to Potts' motion for judgment on the pleadings of original defendant, David Phillips, conspicuously

---

1. *Selling or furnishing liquor or malt or brewed beverages to minors.*

2. Correct cite 47 P.S. §4-492(2); *Unlawful acts relative to malt or brewed beverages, i.e.,* selling said beverages without liquor license.

failed to state that those guilty pleas were ultimately withdrawn or that the Court of Common Pleas of Lackawanna County, per the Honorable Terrence Nealon, permitted the withdrawal of the pleas and that Potts was ultimately accepted into Lackawanna County Accelerated Rehabilitative Disposition (ARD) Program.

Phillips' joinder complaint includes two causes of action against Potts, one sounding in negligence (Count I) and one sounding in social host liability (Count II). That joinder complaint alleges that the additional defendants are solely liable and/or jointly and severally liable to the plaintiff and/or over to original defendant, David Phillips, for indemnity and/or contribution. On May 14, 2004, additional defendant Potts filed a motion for judgment on the pleadings regarding both the negligence count and the social host liability count. The premise of Potts' motion is that the inapplicability of the social host doctrine concerning a minor's incompetence in handling alcohol acts as a bar shielding a minor from any theory of liability regarding the service of alcohol. We will further examine this matter in detail below.

## DISCUSSION

### *Judgment on the Pleadings*

As noted above, the parties have presented their arguments to the court therefore rendering this matter ripe for disposition. As this court has done previously in *Discover Bank v. Palma,* 03 CIV 2748, C.C.P. Lacka. Cty. (Judge Minora December 1, 2004), we will now outline the standard of review for a motion for judgment on the pleadings.

Motions for judgment on the pleadings are governed by Pa.R.C.P. 1034 which states in pertinent part:

"(a) After the relevant pleadings are closed, but within such time as not to unreasonably delay the trial, any party may move for judgment on the pleadings . . .

"(b) The court shall enter such judgment or order as shall be proper on the pleadings."

We must remember that judgment on the pleadings is only proper where the pleadings establish that there are no material facts in dispute and the movant is clearly entitled to judgment as a matter of law. *Teamann v. Zafris,* 811 A.2d 52 (Pa. Commw. 2002), *appeal denied,* 574 Pa. 755, 830 A.2d 976 (2003), *appeal denied,* 574 Pa. 761, 831 A.2d 600 (2003). Like all summary judgments entered without trial, judgment on the pleadings may be entered only in clear cases free from doubt where there are no issues of material fact, and only where it is so clear that trial would clearly be a fruitless exercise. *Otterson v. Jones,* 456 Pa. Super. 388, 690 A.2d 1166 (1997), *re-argument denied, appeal granted,* 550 Pa. 707, 705 A.2d 1310 (1997), *appeal dismissed as improvidently granted,* 553 Pa. 421, 719 A.2d 309 (1998). It is the uncertainty of factual questions that makes it inappropriate to grant judgment on the pleadings. *Greer v. U.S. Steel Corp.,* 475 Pa. 448, 380 A.2d 1221 (1977). The court in its determination of whether there is a dispute upon the facts "must confine its consideration to the pleadings and relevant documents." *AIU Insurance Co. v. Barxha,* 2004 WL 2439234, 1 (Pa.Com.Pl.) citing *Cole v. Lawrence,* 701 A.2d 987, 988 (Pa. Super. 1997). Additionally, "neither party may be deemed to have admitted conclusions of law." *AIU Insurance Co., supra* at 1; see also, *Mellon*

*Bank N.A. v. National Union Fire Insurance Co. of Pittsburgh,* 768 A.2d 865, 868 (Pa. Super. 2001).

Presently, the additional defendant, Potts, has moved that this court enter judgment on the pleadings in his favor. While the plaintiff, estate of Skaf, and original defendant/third-party plaintiff, David Phillips, request that this court deny the defendant's motion because the pleadings are not yet closed.

The arguments presented by the opposing parties are compounded as follows. The plaintiff asserts that the pleadings are not yet closed because at the time the motion for judgment on the pleadings was filed, preliminary objections filed by other additional defendants were pending before the court. The plaintiff contends that the original defendant, Phillips, will be amending his joinder complaint to conform to the order this court entered on the preliminary objections. Moreover, the plaintiff maintains that it is yet to file its complaint against the additional defendants under a separate docket number indicating that judgment on the pleadings would be premature. Both the original defendant and plaintiff contend that because the plaintiff has filed a separate action under a separate docket number the pleadings remain open. Additionally, it is asserted by the original defendant, Phillips, that to grant the additional defendant's motion for judgment on the pleadings is premature at this juncture because the parties have not yet taken depositions of the parties. This line of argument is amiss. Pursuant to the Pennsylvania Rule of Civil Procedure 1034, a party may move for judgment on the pleadings after the relevant pleadings are closed, but within such time as not to unreasonably delay the trial. A court is not

to consider depositions taken by the parties or any other material outside the record of the pleadings including answers to interrogatories, admissions and affidavits. Goodrich-Amram 2d §1034(B); *Bensalem Township School District v. Commonwealth,* 518 Pa. 581, 544 A.2d 1318 (1988). When the court conducts its inquiry on a motion for judgment on the pleadings, it should confine its deliberation to the pleadings and relevant documents remembering not to consider any affidavits, depositions or briefs. *Gallo v. J.C. Penney Casualty Insurance Co.,* 328 Pa. Super. 267, 476 A.2d 1322 (1984). The only pleadings which are relevant to the cause of action presently before the court are those pleadings which explicitly involve the cause of action before the court and more specifically the issues before the court, not those involving some other cause of action *and some other parties filed under another docket number.* The arguments regarding the premature nature of the additional defendant's motion are therefore meritless. The court will consider this motion for judgment on the pleadings filed to this term and number on its merits pursuant to Pa.R.C.P. 1034.

The first issue that must be clarified is whether a minor may be held liable for injuries sustained as a proximate result of furnishing alcohol to another minor under the social host doctrine. We are guided by the following case law in making the determination that minors cannot be found liable under the social host doctrine.

Let us start by first defining the social host doctrine. Generally, this principle is used to assign liability in negligence to the "host" as one who furnishes alcohol to a "guest" whereby the guest becomes intoxicated and sustains injuries to himself or causes injuries to a third party.

The basis for liability upon the host is that he is the person who provided the intoxicating beverages, setting in motion the events which led to the complained of injuries. *Kapres v. Heller,* 536 Pa. 551, 640 A.2d 888 (1994); see *Klein v. Raysinger,* 504 Pa. 141, 470 A.2d 507 (1983) (definition compiled from various social host theories used in several jurisdictions). The term "minor" when used in the context of social host liability is utilized to refer to individuals under the age of 21. *Kapres,* 536 Pa. 551, 640 A.2d 888 (19-year-old plaintiff was referred to as a minor); *Congini by Congini v. Portersville Valve Co.,* 504 Pa. 157, 470 A.2d 515 (1983) (18 year old was considered a "minor"); see also, 75 Pa.C.S. §3801. The Pennsylvania State Legislature has declared a blood alcohol reading of .08 percent presumes an individual is under the influence of alcohol. 75 Pa.C.S. §3802(a). This standard has been used as a benchmark by our courts and legislature to encompass that degree of intoxication that renders a person under the influence of alcohol.

The prevailing view on the matter of social host liability is found in the Pennsylvania Supreme Court case *Kapres v. Heller,* 536 Pa. 551, 640 A.2d 888 (1994). There the Supreme Court was confronted with the identical issue involving social host liability. In *Kapres,* the plaintiff was a college student at Clarion University and attended three separate alcohol-related parties all hosted by minors on the night in question. The plaintiff, who was only 19 years old, ingested alcohol at all three parties, and while walking home that night, he was struck by a vehicle and sustained numerous injuries. At the time of the accident the plaintiff had a blood alcohol content of .196, which was significantly higher than the legal

limit of 0.10 percent in 1986. See 75 Pa.C.S. §3802 (1986). The plaintiff brought causes of action against the minor hosts who served him alcohol under the social host doctrine. In his claims, he asserted that his intoxication proximately caused him to be hit by an automobile driven by an additional defendant. The minor defendants filed motions for summary judgment on the basis that they owed no duty to the minor plaintiff for injuries sustained as a result of his intoxication, which prohibited the plaintiff from recovery against the defendants as a matter of law. The motions for summary judgment were granted and affirmed by the Superior Court and subsequently the Supreme Court on appeal. In the opinion of the Supreme Court, Justice Cappy wrote, "it is more logical and consistent with the prevailing view on social host liability in this Commonwealth to find that one minor does not owe a duty to another regarding the furnishing or consumption of alcohol." *Kapres,* at 557, 640 A.2d at 891. (footnote omitted) We will now expand on the basis of this theory below.

In *Kapres,* the court ultimately found that a plaintiff and defendant, who were both minors, were incompetent as a matter of law in handling alcohol. *Kapres, supra* at 557, 640 A.2d at 891. A minor is responsible under the law for his/her own actions in either furnishing or consuming alcohol. *Id.* at 557, 640 A.2d at 891. This notion was coupled with the standard set by the Supreme Court of Pennsylvania in *Klein v. Raysinger,* 504 Pa. 141, 470 A.2d 507 (1983) where it addressed the idea of social host liability. In *Klein* the court found that where an able bodied individual consumes alcohol, "it is the *consumption* of alcohol rather than the *furnishing* of the al-

cohol, which is the proximate cause of any subsequent occurrence." *Klein, supra* at 148, 470 A.2d at 510. (emphasis added) The view accepted by the *Klein* court follows the common-law view. See Anno: *Damage from the Sale or Gift of Liquor or Drug.* 97 A.L.R.3d 528 §2 (2004); 45 Am.Jur.2d Intoxicating Liquor §553. The *Kapres* court as well as others agreed that there can be no liability on the minor social host who serves alcohol to guests.

There is an exception to the rule established in *Klein* which involves furnishing alcohol to a minor by an adult. This exception was established by the court in *Congini v. Portersville Valve Company,* 504 Pa. 157, 470 A.2d 515 (1983). The Supreme Court held that the rule in *Klein* is inapplicable in those situations where an adult provides a minor with alcohol. *Congini, supra.* The concept that a minor is incompetent to handle alcohol has necessitated the exception to the rule of *Klein. Id.* The premise for the exception is grounded in insuring the safety of minors. Yet, the minor himself is not totally blameless in this factual setting because the *Congini* court further held that the minor's contribution to his/her injuries, or contributory negligence, will also be taken into account. *Id.* at 164, 470 A.2d at 518. This holding brings us back to the assertions made in *Kapres* case where the court expands upon the theory in *Klein* whereby under the law minors are considered incompetent to handle alcohol. It is logic and consistency that led the Supreme Court to hold that one minor owes no duty to another minor under the guise of social host liability regarding the furnishing and consumption of alcohol. We too agree that a minor is not liable to another minor for injuries that might have been sustained as a result of the host minor's distri-

bution of alcohol to another under the age of 21. Therefore, the pleadings establish that there are no material facts in dispute upon the issue of social host liability. It is therefore proper to grant the additional defendant Potts' judgment on the pleadings upon this issue.

## Negligence

Count I of the joinder complaint of original defendant Phillips alleges a claim in negligence upon the additional defendants, including Ryan Potts, the movant asserting the following actions and inactions as the basis of the negligence claim:

(a) Selling alcoholic beverages to individuals, including decedent Robert Skaf, under the age of 21;

(b) Providing alcoholic beverages to individuals, including decedent Robert Skaf, under the age of 21;

(c) Furnishing alcoholic beverages to individuals, including decedent Robert Skaf, under the age of 21;

(d) Permitting Mr. Skaf to consume alcoholic beverages when they knew or should have known that he was under the age of 21;

(e) Allowing Mr. Skaf to consume alcoholic beverages when they knew or should have known that he was under the age of 21;

(f) Inviting Mr. Skaf to consume alcoholic beverages when they knew or should have known that he was under the age of 21;

(g) Allowing Mr. Skaf to become intoxicated;

(h) Organizing a beer pong tournament and targeting individuals and/or students, including decedent Robert Skaf, under the age of 21;

(i) Negligence as a matter of law for furnishing liquor or malt or brewed beverages to Robert Skaf, he being less than 21 years of age, his age being known to additional defendants, in violation of 18 Pa.C.S. §6310.1;

(j) Negligence as a matter of law for violating the "Liquor Code," 47 Pa.C.S. §4-493(1); and

(k) Negligence as a matter of law for violating the "Liquor Code," 47 Pa.C.S. §4-492(2).

As cited above, a minor is responsible under the law for his/her own actions in either furnishing or consuming alcohol. The additional defendant requests a favorable judgment on the pleadings in regard to the negligence claim. Yet, according to the standard of review set forth above, judgment on the pleadings is only proper where the pleadings establish that there are no material facts in dispute and the movant is clearly entitled to judgment as a matter of law. *Teamann, supra.* The acts and events that gave rise to the fatal injuries of Robert Skaf took place at several locations and included a number of individuals including the additional defendants and original defendants, David Phillips and Robert R. Lyons individually and in his business capacity. Simply stated, there presently are material facts that are in dispute in regard to the negligence action asserted against Potts. There are also factual disputes as to whether the potentially negligent acts of Ryan Potts would cause him to be liable to the plaintiff or over to the original defendant Phillips for contribution or indemnification. Therefore, because this is not a clear case that is free from doubt whereupon there are no issues of material fact, we cannot grant the additional defendant's motion for judgment on the pleadings upon the issue of negligence. A comprehensive order consistent with this memorandum follows.

## ORDER

And now, to wit, January 18, 2005, upon consideration of additional defendant Potts' motion for judgment on the pleadings, verbal and written arguments of counsel and in accordance with the preceding memorandum it is hereby ordered and decreed that the additional defendant Potts' motion for judgment on the pleadings be granted in part and denied in part.

(1) Additional defendant, Potts' motion for judgment on the pleadings is granted because as a minor he is incompetent to handle alcohol and therefore he cannot be held liable under the social host doctrine for furnishing alcohol to a minor who was subsequently injured as a proximate result of his intoxication.

(2) The additional defendant Potts' motion for judgment on the pleadings concerning the negligence count is denied.