**Prowell v. Eastwood Chrysler-Plymouth, Inc.**

C.P. of Lawrence County, no. 10267 of 2010, C.A.

*Douglas J. Olcott,* for plaintiff.

*William R. Haushalter,* for defendant Preston Auto Mall.

PICCIONE, *J.,* December 16, 2010—Before this court for disposition is a renewed motion for summary judgment filed by defendant Preston Auto Mall, Inc., t/d/b/a a/k/a Preston Chrysler Plymouth Jeep (hereinafter, "Preston"). The current action arises out of an accident in which plaintiff Lefaughn Prowell (hereinafter, "plaintiff") fell out of and was run over by a 1989 Chrysler Lebaron owned by his grandmother, Ethel Prowell. On August 24, 2003, defendant Cheryl Mitchell, plaintiff's aunt, parked the Chrysler Lebaron at the West Side Mini Mart in New Castle and exited the vehicle, leaving the five-year-old

plaintiff unattended. Shortly thereafter, the car's gear selector lever shifted out of the parked position, causing the car to roll backwards. The car was equipped so that it could be shifted from the parked position after the ignition key had been removed. As the car rolled backwards, plaintiff fell out of and was run over by the vehicle, resulting in serious injuries and damages.

On August 23, 2005, plaintiff filed a complaint naming, among others, Eastwood Chrysler-Plymouth, Inc. (hereinafter, "Eastwood") and Preston as defendants. Plaintiff alleges that Ethel Prowell purchased the Chrysler Lebaron from Eastwood and that Eastwood subsequently sold and transferred its assets to Preston in September of 1996. Plaintiff further alleges that the Chrysler Lebaron was serviced by Preston following the sale and transfer of assets. On October 10, 2006, Preston filed a motion for summary judgment, claiming that Preston did not assume any of Eastwood's liabilities. In an order of court dated June 21, 2007, this court denied Preston's motion on the basis that the transfer and sale of assets between Eastwood and Preston "amounted to a defacto merger." *Prowell v. Daimler Chrysler AG*, No. 10992 of 2005, C.A. (C.P. Lawrence June 21, 2007).

This case was held in abeyance due to the bankruptcy filing of Daimler Chrysler Corporation until February 12, 2010, when this court granted plaintiff's request to sever Daimler Chrysler Corporation and permit this case to go forward. Citing a change in the controlling law regarding de facto mergers, Preston filed the instant renewed motion for summary judgment on March 3, 2010. Oral argument regarding Preston's motion was held on May 24, 2010.

Under Pennsylvania law, the standard for summary judgment is set forth by Rule 1035.2 of the Pennsylvania Rules of Civil Procedure. The rule states:

After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law

(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or (2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury. Pa.R.C.P. 1035.2.

The moving party bears the burden of proving that no genuine issue of material fact exists. *Rush v. Philadelphia Newspapers, Inc.*, 732 A.2d 648, 650 (Pa. Super. 1999). In determining whether summary judgment is appropriate, the trial court is required to view the record in a light most favorable to the non-moving party, and "all doubts as to the existence of a genuine issue of material fact must be resolved in favor of the nonmoving party." *P.J.S. v. Pennsylvania State Ethics Comm'n.* 555 Pa. 149, 723 A.2d 174 (Pa. 1999) (citing *Kapres v. Heller*, 536 Pa. 551, 640 A.2d 888 (Pa. 1994)). Summary judgment is proper only when the uncontroverted allegations in the pleadings, depositions, answers to interrogatories, admissions of

record and submitted affidavits demonstrate that no genuine issue of material fact exists, and that the moving party is entitled to judgment as a matter of law. *Potter v. Herman*, 762 A.2d 1116, 1117 (Pa. Super. 2000).

Generally, "when one company sells or transfers all of its assets to another company, the purchasing or receiving company is not responsible for the debts and liabilities of the selling company simply because it acquired the seller's property." *Continental Ins. Co. v. Schneider, Inc.*, 582 Pa. 591, 599, 873 A.2d 1286, 1291 (Pa. 2005) (citing *Hill v. Trailmobile, Inc.*, 603 A.2d 602, 605 (Pa. Super. 1992)). This general rule of non-liability may be overcome if:

(1) the purchaser expressly or implicitly agreed to assume liability, (2) the transaction amounted to a consolidation or merger, (3) the purchasing corporation was merely a continuation of the selling corporation, (4) the transaction was fraudulently entered into to escape liability, or (5) the transfer was without adequate consideration and no provisions were made for creditors of the selling corporation. *Id.*

The second of these exceptions, the de facto merger doctrine, is designed to prevent an entity from escaping its obligations through "sham corporate reorganizations" by imposing successor liability. *Fizzano Bros. Concrete Products, Inc. v. XLN, Inc.*, 973 A.2d 1016, 1019 (Pa. Super. 2009). In determining whether a de facto merger has occurred, courts look to the following four factors: continuity of ownership; cessation of the ordinary business by, and dissolution of, the predecessor as soon as practicable; assumption by the successor of liabilities

ordinarily necessary for uninterrupted continuation of the business; and continuity of the management, personnel, physical location, and the general business operation. *Continental Ins. Co. v. Schneider, Inc.*, 810 A.2d 127, 135 (Pa. Super. 2002).

The issue in this case is whether the first of the abovementioned factors, continuity of ownership, is essential to a finding of a de facto merger. This court previously found that "[i]n the instant case, the relevant evidence indicates that there was no continuity of ownership between [Preston] and its predecessor." *Prowell v. Daimler Chrysler AG*, No. 10992 of 2005, C.A. (C.P. Lawrence June 21, 2007). As a result, successor liability connot be imposed upon Preston if Pennsylvania law currently considers continuity of ownership to be an essential element of a de facto merger. Preston argues that the Superior Court's decision in *Fizzano* established that continuity of ownership must exist if a court is to find that a de facto merger occurred. Plaintiff argues that *Fizzano* did not impose such a requirement and that this court does not need to reconsider its June 21, 2007 order in light of the *Fizzano* decision.

In *Fizzano*, the plaintiff business brought an action against the defendant corporation on a debt owed it by a company whose assets the defendant corporation had purchased. *Fizzano*, 973 A.2d at 1018. The trial court applied the de facto merger doctrine to impose successor liability on the defendant corporation. *Id.* In reversing the trial court's decision, the Superior Court stated:

With regard to continuity of ownership, the trial

court acknowledged that none of the owners of [the predecessor business] became owners of [the defendant corporation].... This finding, by itself, should have ended the trial court's consideration of [the defendant corporation]'s potential successor liability. *Continuity of ownership is a key element that must exist in order to apply the de facto merger doctrine*, since in the absence of a transfer of stock for assets the consequence of the transaction is not the functional equivalent of a merger. Instead, where there is no continuity of ownership the transaction is merely an arms-length transaction between two corporations and not in any sense a merging of two corporations into one. *Id.* at 1020. (emphasis added)

Based on this reasoning, the Superior Court held that the de facto merger doctrine did not apply. *Id.*

In disputing the above-quoted language of *Fizzano*, plaintiff relies heavily on *Schneider*, a previous Superior Court decision that seemed to indicate that continuity of ownership is not an essential element in a de facto merger claim. The Superior Court in *Fizzano* addresses the supposed inconsistency between the two decisions as follows:

In *Schneider*, after setting forth the four factors in the analysis, we commented that "[a]lthough each of these factors is considered, all need not exist before a de facto merger will be deemed to have occurred." *Schneider*, 810 A.2d at 135. Contrary to the trial court's understanding of this statement, however, this court did not intend to de-emphasize the importance of continuity of ownership as a key factor in a de facto

merger analysis. In fact, our disposition in *Schneider* compels precisely the opposite conclusion, since in that case three of the four factors in the analysis were found to exist, with only the issue of continuity of ownership subject to remaining factual disputes. We concluded that so long as an issue of material fact remained with regard to continuity of ownership, summary judgment could not be granted on the de facto merger claim. *Id.* In reversing the trial court's grant of summary judgment in *Schneider*, we emphasized, rather than de-emphasized, the importance of continuity of ownership in the de facto merger analysis. *Fizzano*, 973 A.2d at 1021-22. (emphasis in original)

Therefore, the Superior Court's current understanding of the reasoning and holding in *Schneider* is that, in conformity with *Fizzano*, continuity of ownership is a required element of a de facto merger claim.

Plaintiff questions the precedential value of *Fizzano* because it was a 2-1 panel decision and *Schneider* was a 3-0 panel decision. Plaintiff assumes that *Fizzano* and *Schneider* are inconsistent, but, as stated above, the two decisions are uniform on the question of whether continuity of ownership is essential to a de facto merger claim. Furthermore, a decision on an issue in a panel decision is precedential if it commands a majority both as to the rationale and the result. *Askew v. Zeller*, 521 A.2d 459, 462 (Pa. Super. 1987). Because a majority of the Superior Court panel in *Fizzano* reached a decision on the instant issue, that principle should be afforded precedential weight.

Plaintiff also points out that, on May 19, 2010, the Supreme Court of Pennsylvania granted the petition for allowance of appeal in *Fizzano* on the issue of whether the de facto merger doctrine always requires proof of continuity of ownership. *Fizzano Bros. Concrete Products, Inc. v. XLN, Inc.*, 606 Pa. 48, 994 A.2d 1081 (Pa. 2010). This court cannot assume that the Pennsylvania Supreme Court's decision to grant the petition for allowance of appeal demonstrates an intent to reverse the Superior Court's decision on the instant issue. *Marks v. Nationwide Ins. Co.*, 762 A.2d 1098, 1101 (Pa. Super. 2002). As long as the Superior Court has not been overruled, the Superior Court's decision in *Fizzano* remains binding precedent.[1] *Commonwealth v. Spease*, 911 A.2d 952, 959 (Pa. Super. 2005).

Plaintiff argues in the alternative that, aside from successor liability, Preston owed an independent duty to plaintiff in that Preston should have alerted Ethel Prowell to the fact that some Chrysler vehicles could be shifted out of park after the ignition key was removed. Plaintiff asserts that Preston had an opportunity to do so when Ms. Prowell had the Lebaron serviced by Preston. Plaintiff cites *Walton v. AVCO Corp.*, 530 Pa. 568, 577, 610 A.2d 454, 459 (Pa.

---

1. Recent federal court decisions have similarly concluded that the Superior court's decision in *Fizzano* is controlling on the issue of whether continuity of ownership is essential to a de facto merger claim. *Greenway Center, Inc. v. Essex Ins. Co.*, 369 Fed.Appx. 348, 352-53 (3rd. Cir. 2010) (finding that *Fizzano* does not conflict with Schneider and reiterating the principle that continuity of ownership is a key element that must exist in order to apply the de facto merger doctrine); *Johnson v. Correctional Physician Services*, 2010 WL 2836346 (E.D.Pa. 2010) (finding that *Fizzano* represents Pennsylvania law as it now stands despite the Pennsylvania Supreme Court's granting allocatur and reiterating the principle that continuity of ownership is a key element that must exist in order to apply the de facto merger doctrine).

1992), for the principle that a seller of a defective product has an independent duty to make reasonable attempts to warn the users of the defective product once the seller learns of a defect in the product. No evidence has been presented indicating that Preston was aware or should have been aware of a defect in the Lebaron. Plaintiff only offers a copy of a recall report dated January 7, 2004, several months after the accident, which does not mention Chrysler Lebarons or any other model manufactured prior to 1993. Because the evidentiary record does not contain sufficient evidence on an element of plaintiff's cause of action, the duty to warn claim should not be submitted to the jury. *Ertel v. Patriot-News Co.*, 544 Pa. 93, 101, 674 A.2d 1038, 1042 (Pa. 1996). Furthermore, plaintiff did not include this separate "duty to warn" theory of recovery in the original complaint, and, as a result, the claim is time-barred.

The Superior Court's decision in *Fizzano* represents the current state of Pennsylvania law on the controlling issue in this case. Accordingly, the lack of continuity of ownership between Eastwood and Preston bars the use of the de facto merger doctrine and renders the general rule prohibiting successor liability applicable. Because no genuine issue of material fact exists and Preston is entitled to judgment as a matter of law, Preston's renewed motion for summary judgment is granted.

## ORDER OF COURT

And now, December 16, 2010, the court having held oral argument on May 24, 2010 regarding defendant's renewed motion for summary judgment, with Douglas J.

Olcott, Esquire, appearing and representing the plaintiff, and William R. Haushalter, Esquire, appearing and representing the defendant Preston Auto Mall, Inc., t/d/b/a a/k/a Preston Chrysler Jeep, it is hereby ordered, adjudged and decreed as follows:

1. Defendant's renewed motion for summary judgment is granted pursuant to the attached opinion.

2. The prothonotary shall properly serve notice of this order and attached opinion upon counsel of record; and if a party has no counsel, then upon said party at their last known address as contained in the court's file.