**Holly M. BEHNEY, Appellant**

v.

**Carla R. BOLICH and Commonwealth of Pennsylvania, Department of Transportation.**

Commonwealth Court of Pennsylvania.

Submitted Nov. 5, 2009.

Decided Dec. 18, 2009.

Edward M. Brennan, Pottsville, for appellant.

Richard H. Wix, Harrisburg, for appellee, Carla R. Bolich.

Calvin R. Koons, Senior Deputy Attorney General and John G. Knorr, III, Chief Deputy Attorney General, Harrisburg, for appellee, Department of Transportation.

BEFORE: FRIEDMAN, Senior Judge, and KELLEY, Senior Judge, and McCLOSKEY, Senior Judge (P).

OPINION BY Senior Judge FRIEDMAN.

Holly M. Behney (Appellant) appeals from the April 2, 2009, order of the Schuylkill County Court of Common Pleas (trial court) denying her motion for post-trial relief following a jury verdict in favor of Carla R. Bolich (Bolich). We affirm.

Appellant filed a complaint against Bolich seeking damages for injuries Appellant sustained in a December 28, 2004, automobile accident. The accident occurred on State Route 209 in Reiley Township, Schuylkill County, Pennsylvania, when Bolich's southbound vehicle crossed over the center lane of the roadway and collided with Appellant's car, which was traveling north. Bolich claimed she lost control of her car due to an accumulation of ice and slush, and she joined the Commonwealth of Pennsylvania, Department of Transportation (DOT) as an additional defendant, claiming that DOT was negligent in maintaining the roadway. The case proceeded to trial before a jury.

Bolich testified that she was driving within the posted speed limit when the accident occurred. Bolich stated that, when she came to a dip in the roadway, she encountered a patch of ice that caused her to lose control of the car, which "fishtailed" three times and struck Appellant's car sideways.

State trooper Joseph Cazonie testified that he investigated the accident and determined that there was an icy/slushy patch near the collision site, located across Bolich's entire lane of travel. Officer Cazonie stated that he contacted DOT to salt the area and that DOT had not been contacted about the road condition prior to the accident.

Bruce Fidler, who was driving a short distance behind Appellant's car, also testified. He stated that it appeared to him that Bolich lost control of her car at the bottom of the hill and crossed into Appellant's lane. Fidler confirmed that there was ice on the roadway where the collision occurred.

Robin Spicher testified that, at the time of the accident, he was employed as a foreman for DOT. He stated that he went to the accident scene on December 29, 2004, and observed water flowing onto the roadway. Spicher explained that water from a nearby dirt road normally ran into a culvert that had been provided by DOT for that purpose, but an accumulation of rocks and tree limbs caused the water to travel in a different path onto State Route 209. Spicher testified that the debris was

not within DOT's right-of-way, and that, once the debris was moved, the water flowed properly into the culvert. He added that he was not aware of any similar problem prior to the accident.

Appellant testified that, as she drove around a turn, she saw headlights coming into her lane. She noticed that the headlights were moving back and forth, as if the car were out of control, and she braced for the impact. Appellant provided details of injuries she suffered in the accident and her subsequent course of treatment. At the time of trial, Appellant claimed she continued to suffer pain in her ankles, knees and shins.

At the close of the case, the trial court granted DOT's motion for compulsory nonsuit. Thereafter, the jury returned a verdict in favor of Bolich, finding that she was not negligent. Appellant filed a motion for post-trial relief, which the trial court denied, and she now appeals to this court.

Relying on *Lahr v. City of York*, 972 A.2d 41 (Pa.Cmwlth.2009), Appellant claims that Bolich's conduct constituted negligence *per se* because Bolich drove at an unsafe speed for highway conditions, failed to pass oncoming traffic on the right and operated a vehicle on the wrong side on the roadway, in violation of the Vehicle Code. *See* section 3301, 3302 and 3361 of the Vehicle Code, 75 Pa.C.S. §§ 3301, 3302 and 3361. In *Lahr*, a police officer in-

volved in an automobile accident acknowledged that, while in pursuit of a suspect, he drove in excess of the posted speed limit and traveled in the wrong direction down a one-way street. The trial court observed that the emergency vehicle doctrine, section 3305 of the Vehicle Code, 75 Pa.C.S. § 3305, entitles the driver of an emergency vehicle to exceed the speed limit and ignore regulations governing direction of movement so long as the vehicle's visual and audible signals comply with DOT regulations. 67 Pa.Code § 173. On this basis, the jury found that the police officer was not negligent. However, the trial court subsequently granted a directed verdict for the Appellant, concluding that, because the police officer failed to establish compliance with DOT regulations, the emergency vehicle doctrine did not apply, and the police officer's violation of the Vehicle Code's speed and directional provisions constituted negligence *per se*.[1] On appeal, we affirmed.

Appellant asserts that, as in *Lahr*, the trial court should have directed a verdict in her favor on the issue of liability and then sent the case to the jury to determine damages. Appellant argues that the trial court should have corrected its error by granting her post-trial motion for judgment notwithstanding the verdict.[2]

Appellant's reliance on *Lahr* is misplaced. Although there was no question

---

1. A violation of a statute may be negligence *per se*, and liability may be based on such negligence, but only if such negligence is the proximate cause of the accident. *Lahr.* Ordinarily, the question of whether a defendant's negligence is the proximate cause of the accident is for the fact-finder. However, if the relevant facts are not in dispute, and the causal connection between the defendant's negligence and the Appellant's injury clearly appears from the evidence, the question becomes one of law. *Lahr.*

2. When considering a motion for judgment notwithstanding the verdict, we must consider the evidence in the light most favorable to the verdict winner, giving her the benefit of every reasonable inference of fact arising from the evidence and resolving any conflict in the evidence in her favor. *Lahr.* Further, it is well settled that, absent a clear abuse of discretion by the trial court, appellate courts must not interfere with the trial court's authority to grant or deny a new trial. *Halper v. Jewish Family & Children's Service of Greater Philadelphia*, 600 Pa. 145, 963 A.2d 1282 (2009).

that Bolich's vehicle crossed into the northbound lane, unlike the police officer in *Lahr,* Bolich claimed that the accident was due to the presence of ice and slush on the road that caused her to lose control of her car. In addition, the issues of whether Bolich violated the Vehicle Code by speeding, driving too fast for road conditions or passing improperly at the time of the accident were disputed. Thus, this case is distinguishable from *Lahr,* and the issue of whether Bolich's negligence was a cause of the accident was for the jury to decide. Accordingly, the trial court did not err in refusing to direct a verdict in Appellant's favor.

Appellant next asserts that the jury's verdict is against the weight of the evidence. However, in making this argument, Appellant contends that the fact that ice and slush caused Bolich to lose control of her car is irrelevant to the issue of negligence *per se.* According to Appellant, "[i]t was the fact that Bolich lost control of her car and traveled into [Appellant's] lane that caused the accident." (Appellant's brief at 18.) This argument is devoid of merit because, as previously indicated, the evidence did not conclusively establish that Bolich was negligent *per se.*[3]

 Appellant also alleges that the trial court erred in its charge to the jury. Specifically, Appellant complains that the trial court did not read two of her requested charges, paraphrased another charge, read only a portion of a fourth charge and failed to recharge the jury when it requested clarification on negligence. Each of these complaints must fail, as each is based upon Appellant's contention that Bolich's conduct constituted negligence *per se,* which was not established in this case.

 Finally, even though DOT was granted a non-suit based on Bolich's failure to prove her case against it, Appellant alleges that the trial court erred in failing to direct a verdict in her favor and against DOT on the issue of contributory negligence. Appellant claims that DOT should have been released from the case based on sovereign immunity before the trial started and that, by the time DOT was dismissed from the case, the jury already had heard testimony from Fidler and Spicher, which confused the jury and prejudiced Appellant. Appellant cites no authority for the proposition that the timing of the non-suit entitles her to relief. In addition, we note that the trial court instructed the jury that the dismissal of DOT from the case should not influence their determination of whether Bolich was negligent. Thus, we discern no error in this regard.

Accordingly, we affirm.

### *ORDER*

AND NOW, this 18th day of December, 2009, the order of the Schuylkill County Court of Common Pleas, dated April 2, 2009, is hereby affirmed.

---

**3.** For the same reason, we need not address Appellant's arguments that she is entitled to a new trial because the jury did not follow the trial court's instructions concerning negligence *per se.*