**Mick v. Biggart**

C.P. of Lawrence County, no. 10160 of 2006, CA.

*Bradley G. Olson Jr.,* for plaintiff.
*Jason A. Hines,* for defendant Biggart.
*Katie Killion,* for defendant Batts.
*Douglass R. Klaber Jr.,* for additional defendant Elsbury.
*Michael Karaffa,* for defendant Ontario Inc. and Brown.

PICCIONE, *J.,* August 4, 2010—Before the court for disposition is defendant Robert Biggart's motion for summary judgment. This action arises out of a multiple-vehicle accident that occurred on February 5, 2004 at approximately 7 p.m. Plaintiff Leon Mick Jr. was traveling west on the Pennsylvania Turnpike in a vehicle operated by additional defendant Holly L. Elsbury. Defendant William Batts, who was driving immediately in front of Mick and Elsbury, suddenly lost control of his vehicle, presumably due to black ice caused by the freezing rain that began falling shortly before the accident. As a result, Batts's vehicle struck the northern guardrail, the medial barrier, and ultimately Elsbury's car. Collisions with vehicles operated by defendant Robert Biggart and additional defendant Donald Brown occurred shortly thereafter. Mick suffered several injuries as a result of the accident.

On January 30, 2006, Mick initiated a lawsuit naming Biggart and Batts as defendants. Biggart subsequently joined Elsbury, Brown, and Ontario Inc. as additional defendants in the lawsuit. On May 10, 2006, Mick filed a complaint containing two counts of negligence, one against Batts and the other against Biggart. After numerous pleadings were exchanged and depositions were taken, Biggart filed the instant motion for summary

judgment on January 22, 2010, claiming that he did not cause the accident or Mick's injuries. The court heard oral argument regarding Biggart's motion on June 28, 2010.

Under Pennsylvania law, the standard for summary judgment is set forth by Rule 1035.2 of the Pennsylvania Rules of Civil Procedure. The rule states that:

"After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law

"(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

"(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury." Pa.R.C.P. 1035.2.

The moving party bears the burden of proving that no genuine issue of material fact exists. *Rush v. Philadelphia Newspapers Inc.,* 732 A.2d 648, 650 (Pa. Super. 1999). In determining whether summary judgment is appropriate, the trial court is required to view the record in a light most favorable to the non-moving party, and "all doubts as to the existence of a genuine issue of material fact must be resolved in favor of the non-moving party." *P.J.S. v. Pennsylvania State Ethics Commission,* 555 Pa. 149,

153, 723 A.2d 174, 176 (1999) (citing *Kapres v. Heller,* 536 Pa. 551, 640 A.2d 888 (1994)). A trial court should only grant a motion for summary judgment when the facts of record are so clear that reasonable minds could not disagree on the outcome. *Basile v. H & R Block Inc.,* 563 Pa. 359, 365, 761 A.2d 1115, 1118 (2000) (citing *Cochran v. GAF Corp.,* 542 Pa. 210, 215, 666 A.2d 245, 248 (1995).

"A proper grant of summary judgment depends upon an evidentiary record that either (1) shows the material facts are undisputed or (2) contains insufficient evidence of facts to make out a prima facie cause of action or defense and, therefore, there is no issue to be submitted to the jury." *McCarthy v. Dan Lepore Sons Co. Inc.,* 724 A.2d 938, 940 (Pa. Super. 1998). "[I]f a defendant is the moving party, he may make the showing necessary to support the entrance of summary judgment by pointing to materials which indicate that the plaintiff is unable to satisfy an element of his cause of action." *Basile v. H & R Block Inc.,* 777 A.2d 95, 100 (Pa. Super. 2001). Therefore, if a plaintiff fails to present sufficient evidence of any element of the cause of action, the defendant is entitled to judgment as a matter of law. *Ertel v. Patriot-News Company,* 544 Pa. 93, 101, 674 A.2d 1038, 1042 (1996).

The basic elements of a negligence action are: (1) a duty or obligation recognized by law; (2) a subsequent breach of such duty; (3) an actual injury or damage suffered by the plaintiff; and (4) a causal connection between such injury or damage and the breach of the duty. *Lux v. Gerald E. Ort Trucking Inc.,* 887 A.2d 1281, 1286 (Pa. Super. 2005). Failure to establish one of the elements of negligence is valid grounds for summary judgment.

48

*McMahon v. Pleasant Valley West Association,* 952 A.2d 731, 735 (Pa. Commw. 2008). The mere existence of negligence and the occurrence of an injury are insufficient to impose liability as there remains to be proved the link of causation. *Taylor v. Jackson,* 164 Pa. Commw. 482, 490, 643 A.2d 771, 775 (1994). Whether a defendant's negligence is the cause of an accident is ordinarily a question for the fact-finder, but, if the relevant facts are not in dispute, the question becomes one of law. *Behney v. Bolich,* 986 A.2d 944, 946, n.1 (Pa. Commw, 2009). The court must then evaluate the facts and refuse to find an actor's conduct was the cause of the harm "when it appears to the court highly extraordinary that the actor's conduct should have brought about the harm." *Holt v. Navarro,* 932 A.2d 915, 921 (Pa. Super. 2007) (citing *Brown v. Philadelphia College of Osteopathic Medicine,* 760 A.2d 863, 868 (Pa. Super. 2000)).

Biggart argues that he did not cause Mick's injuries because he never impacted Mick's vehicle or caused another vehicle to impact Mick's vehicle. In support of this contention, Biggart cites the depositions of Mick, Batts, and Elsbury. Mick testified that he could not recall being hit by any vehicles other than a "yellow car" and a "semi." Mick dep., 10/19/07. Because Biggart was driving a green SUV during the accident, Mick's testimony suggests that Biggart never struck Mick's vehicle. Elsbury's account of the accident also did not include anything about a green SUV hitting their vehicle. Elsbury dep., 2/11/09, at 18. Although it is undisputed that Biggart's vehicle eventually collided with Batts' vehicle, Batts' testimony indicates that the impact with Biggart's vehicle occurred approximately 30 to 40 seconds after Batts collided with Mick's vehicle and came to a stop. Batts dep., 6/5/08, at 13. Therefore, the accident involv-

ing Batts and Biggart could not have caused the collision between Batts and Mick.

Mick acknowledges that the statements of the deposed witnesses tend to show that Biggart did not cause Mick's injuries. Nevertheless, Mick argues that the police report and statement by witness John Adams indicate that Biggart did cause his injuries, thereby creating an issue of material fact. The court, however, regards the police report and witness statement as consistent with the depositions of Mick, Batts, and Elsbury on the issue of whether Biggart caused Mick's injuries. The police report, in pertinent part, reads as follows:

"A sudden change in weather conditions occurred glazing roadway with black ice. [Batts] lost control of [his vehicle] and left the roadway. The right rear of [Batts's vehicle] impacted with the northern guardrail. After initial impact [Batts's vehicle] crossed over the right and left lanes and had secondary impact with it's left front against the medial barrier. After secondary impact [Batts' vehicle's] right side had third impact with the left side of [Elsbury's and Mick's vehicle]. After third impact [Batts' vehicle] was struck with a fourth impact in the rear with the front of [Biggart's vehicle]. [Elsbury's and Mick's vehicle] after being struck by [Batts' vehicle] crossed over the left lane and had secondary impact with its left rear against the medial barrier. After [Elsbury's and Mick's vehicle] had secondary impact, it crossed over left lane and had a third impact with its direct front against the left side of [Brown's vehicle]. . . .

"Witness John Adams was interviewed at scene by this officer at 2005 hrs on 02/05/04. Mr. Adams stated that a green SUV had passed him on the left doing about 60 m.p.h. The green SUV then slammed into the rear of the

car. After all the motion stopped the green SUV left." Mick's exhibit A.

The witness statement of John Adams provides a similar account of the accident.

"As I was going west on 76 in PA I saw a green SUV pass me at a high rate of speed. As soon as I toped [sic] the hill I saw the same SUV slam into the rear of a vehicle and there were cars all over the place. A yellow car was spinning out from under another trucks [sic] trailer. People started jumping out of vehicles and running across the roadway." *Id.*

Neither the police report nor the witness statement mentions any collision between Biggart's and Mick's vehicles or any action by Biggart that caused further injury to Mick. Instead, the report and statement indicate that Biggart struck one vehicle. As it is undisputed that Biggart collided with Batts, that collision is no doubt the collision that the report and statement referenced. Mick presents no other evidence tending to show that Biggart caused his injuries. Because Mick has failed to produce evidence of facts essential to a negligence cause of action, namely, that Biggart's negligence was a substantial factor in causing Mick's injuries, Mick cannot support a negligence claim against Biggart. Therefore, Biggart's motion for summary judgment must be granted.

Mick argues in the alternative that additional discovery may still yield evidence and issues of material fact. To show that Biggart agrees, Mick offers copies of letters written between one and two years ago in which Biggart attempts to schedule depositions of witnesses which, for various reasons, were never conducted. The most recent letter is dated June 30, 2009. Since that time, Biggart and

Mick have demonstrated their belief that no additional discovery is necessary. For example, Biggart did not attempt any further discovery after June 30, 2009. Instead, he filed the instant motion for summary judgment. In letters dated April 6, 2009 and October 14, 2009, respectively, Mick indicated that the completion of discovery was near and that the case was ready for trial. Mick has not requested any additional discovery since that time and does not now make any requests for information or depositions. Because both parties have expressed no desire to conduct further discovery, there is no reason not to issue a decision on Biggart's motion.

## ORDER

And now, August 4, 2010, the court having held oral argument on June 28, 2010 regarding defendant Robert Biggart's motion for summary judgment, with Bradley G. Olson Jr., Esquire, representing the plaintiff Leon Mick Jr., and Jason A. Hines, Esquire, representing the defendant Robert Biggart, and Katie Killion, Esquire, representing the defendant William Batts, and Douglass R. Klaber Jr., Esquire, representing the additional defendant Holly A. Elsbury, and Michael Karaffa, Esquire, representing the additional defendants Ontario Inc. and Donald Brown, and after a complete and thorough review of the record, it is hereby ordered and decreed as follows:

(1) Defendant Robert Biggart's motion for summary judgment is granted pursuant to the attached opinion.

(2) The prothonotary shall properly serve notice of this order and attached opinion upon counsel of record; and if a party has no counsel, then upon said party at their last known address as contained in the courts file.