# Pandice v. Kowalczyk

C.P. of Lawrence County, No. 11067 of 2007, C.A.

*Christopher S. Hallock,* for plaintiff
*Timothy A. Montgomery,* for defendants

PICCIONE, *J.,* March 21, 2013—Before this court for disposition is the motion for summary judgment (hereinafter, the "motion") filed on behalf on the Defendants, Thomas Kowalczyk and Russell Standard Corporation (hereinafter, collectively, the "defendants"). A hearing was held in regard to this motion on February 25, 2013. The current action arises from an automobile accident that occurred at the intersection of Potter Run Road and State Route 19 in Lawrence County on June 21, 2006. Defendant Thomas Kowalczyk (hereinafter, "defendant Kowalczyk") was operating a tractor trailer on behalf of defendant Russell Standard Corporation (hereinafter, "defendant Russell Standard") on State Route 19. The decedent Donna J. Pandice (hereinafter, the "decedent") was operating a vehicle on Potter Run Road, which was controlled by a stop sign. The defendants' vehicle passed through the intersection while the decedent entered the intersection; and the vehicles collided, which resulted in the decedent's death.

Plaintiff Michael A. Pandice filed a complaint on August 28, 2007 alleging theories of negligence against

the defendants. The plaintiff also brings wrongful death and survival actions against the defendants. On August 18, 2009, the defendants filed a motion for summary judgment, which the plaintiff refuted by providing the expert testimony of Gabriel Alexander (hereinafter, "Alexander"), an accident reconstructionist who opined that the defendants' tractor trailer lacked the proper amount of retro-reflective tape and was traveling at an excessive rate of speed. The defendants filed a motion for a *Frye* hearing pursuant to Pa.R.C.P. 207.1 and Pa.R.E. 703 to exclude expert testimony and reports on August 4, 2011. After several extensive evidentiary hearings during which both parties provided testimony regarding the methodology utilized by Alexander, the court ultimately denied the defendant's motion and found no reason to exclude Alexander's testimony or expert report.

The defendants filed the instant motion for summary judgment (hereinafter, the "motion") alleging the plaintiff has failed to show negligence on the part of either defendant; if negligence that is found on behalf of defendant Kowalczyk, he is entitled to invoke the sudden emergency doctrine; since fault allegedly cannot be attributed to defendant Kowalczyk, the plaintiff's claims against defendant Russell Standard must fail as a matter of law; and the plaintiff cannot establish conscious pain and suffering on the part of the decedent. The defendants request this court dismiss the plaintiff's complaint with prejudice. The plaintiff argues that genuine questions of material facts exist, and the motion should be denied. The

defendants also filed the supplement to defendants' motion for summary judgment (hereinafter, the "supplemental motion") on January 9, 2013, wherein the defendants argue that since the plaintiff's own expert found that had the decedent fully stopped at the stop sign, defendant Kowalczyk would have cleared the intersection. A hearing was held in this court on this matter on February 25, 2013. For the reasons set forth below, the defendant's motion is denied.

Under Pennsylvania law, the standard for summary judgment is set forth by Rule 1035.2 of the Pennsylvania Rules of Civil Procedure:

> After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law
>
> (1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or
>
> (2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa.R.C.P. No. 1035.2.

The rule explains that summary judgment is appropriate only in those instances where "there is no genuine issue of any material fact as to a necessary element of the cause of action or defense that could be established by additional discovery" and the moving party is entitled to judgment as a matter of law. *Fine v. Checcio*, 870 A.2d 850, 857 (Pa. 2005); *see also* Pa.R.C.P. 1035.2. The moving party bears the burden of proving that no genuine issue of material fact exists. *Rush v. Philadelphia Newspapers, Inc.*, 732 A.2d 648, 650 (Pa. Super. 1999). Bald, conclusory allegations can neither create an element necessary to establish a prima facie case nor produce a genuine issue of material fact. *Golaschevsky v. Comm., Dept. of Environmental Resources*, 683 A.2d 1299, 1302 (Pa. Cmwlth. 1996). For the purposes of summary judgment, material facts are those that have a direct effect on the outcome of the case. *Kuney v. Benjamin Franklin Clinic*, 751 A.2d 662, 664 (Pa. Super. 2000).

In determining whether summary judgment is appropriate, the trial court is required to view the record in a light most favorable to the non-moving party, and "all doubts as to the existence of a genuine issue of material fact must be resolved in favor of the nonmoving party." *P.J.S. v. Pennsylvania State Ethics Comm'n*, 723 A.2d 174 (Pa. 1999) (citing *Kapres v. Heller*, 640 A.2d 888 (Pa. 1994)). A trial court should only grant a motion for summary judgment when the facts of record are so clear that reasonable minds could not disagree on the outcome. *Basile v. H & R Block, Inc.*, 761 A.2d 1115, 1118 (Pa.

2000) (citing *Cochran v. GAF Corp.*, 666 A.2d 245, 248 (Pa. 1995). It is not the function of the court ruling on a motion for summary judgment to weigh evidence and to determine the truth of the matter. *Keenheel v. Pennsylvania Securities Commission*, 579 A.2d 1358, 1363 (Pa. Cmwlth. 1990).

"[I]f a defendant is the moving party, he may make the showing necessary to support the entrance of summary judgment by pointing to materials which indicate that the plaintiff is unable to satisfy an element of his cause of action." *Basile v. H&R Block, Inc.,* 777 A.2d 95, 100 (Pa. Super. 2001). Therefore, if a plaintiff fails to present sufficient evidence of any element of the cause of action, the defendant is entitled to judgment as a matter of law. *Ertel v. Patriot-News Co.,* 674 A.2d 1038, 1042 (Pa. 1996).

The basic elements of a negligence action are: (1) a duty or obligation recognized by law; (2) a subsequent breach of such duty; (3) an actual injury or damage suffered by the plaintiff; and (4) a causal connection between such injury or damage and the breach of the duty. *Lux v. Gerald E. Ort Trucking, Inc.*, 887 A.2d 1281, 1286 (Pa. Super. 2005). Failure to establish one of the elements of negligence is valid grounds for summary judgment. *McMahon v. Pleasant Valley West Ass'n,* 952 A.2d 731, 735 (Pa. Commw. 2008). The mere existence of negligence and the occurrence of an injury are insufficient to impose liability as there remains to be proved the link of causation. *Taylor v. Jackson,* 643 A.2d 771, 775 (Pa.

Commw. 1994). Whether a defendant's negligence is the cause of an accident is ordinarily a question for the fact-finder, but, if the relevant facts are not in dispute, the question becomes one of law. *Behney v. Bolich,* 986 A.2d 944 n.1 (Pa. Commw. 2009). The court must then evaluate the facts and refuse to find an actor's conduct was the cause of the harm "when it appears to the court highly extraordinary that the actor's conduct should have brought about the harm." *Holt v. Navarro,* 932 A.2d 915, 921 (Pa. Super. 2007) (citing *Brown v. Philadelphia College of Osteopathic Medicine,* 760 A.2d 863, 868 (Pa. Super. 2000)).

First, the defendants argue that summary judgment is appropriate because the plaintiff has failed to sustain a claim of negligence on the part of either defendant. The defendants do not argue that defendant Kowalczyk owed a duty to the decedent and other motor vehicles while he was operating the tractor trailer. In the amended complaint, the plaintiff avers the injuries and damages sustained by the decedent were the direct and proximate result of the defendants' breach of that duty for the following reasons: (1) operating the tractor trailer at an excessive rate of speed; (2) operating the tractor trailer without having the vehicle under proper control; (3) operating the tractor trailer without being able to bring it to a stop within the assured clear distance ahead; (4) in being fatigued and inattentive; (5) failing to sound a warning of his approach; (6) operating the tractor trailer in violation of the Motor Vehicle Code of the Commonwealth of Pennsylvania

with regard to the operation of motor vehicles on public throroughfares; and (7) operating the tractor trailer in violation of the Motor Vehicle Code of the Commonwealth of Pennsylvania by disregarding a PennDOT warning advisory sign as a recommended speed of 35 m.p.h. at approaching the intersection.

The defendants argue that the decedent's injuries and damages were not the direct and proximate cause of defendant Kowalczyk's actions because he was faced with a sudden emergency. The sudden emergency doctrine "relates to the standard of conduct applied to a driver who, although driving in a prudent manner, is confronted with a sudden or unexpected event[,] which leaves little or no time to apprehend a situation and act accordingly[,] should not be subject to liability because another perhaps more prudent course of action was available." *Shiner v. Ralston*, --- A.3d ---, (Pa. Super. 2013) (internal citations omitted). Essentially, "a person confronted with a sudden and unforeseeable occurrence, because of the shortness of time in which to react, should not be held to the same standard of care as someone confronted with a foreseeable occurrence." *Lockhart v. List*, 655 A.2d 1176, 180 (Pa. 1995). "The sudden emergency doctrine is frequently employed in motor vehicle accident cases wherein a driver was confronted with a perilous situation requiring a quick response in order to avoid a collision." *Id.* Moreover, "[i]t is important to recognize, however, that a person cannot avail himself of the protection of this doctrine if

that person was himself driving carelessly or recklessly." *Id.* (citing *Chadwick v. Popadick*, 159 A.2d 907 (Pa. 1960). He "will not be fully excused from liability where he responded to a sudden emergency in a reckless or otherwise unreasonable manner[.]" *Kukowski v. Kukowski*, 560 A.2d 222, 226 (Pa. Super. 1989).

The defendants rely upon the deposition testimony of Trooper David L. Tyler (hereinafter, "Trooper Tyler") of the Pennsylvania State Police to assert that Defendant Kowalczyk was not negligent. Trooper Tyler testified as follows:

Q. I take it you did not conclude that Mr. Kowalczyk was operating the tanker at an excessive speed?

A. Yes, I didn't conclude excessive speed.

Q. I take it you did not believe he failed to have his vehicle under control.

A. That's correct.

Q. And if I understand you correctly, you do not believe he had an opportunity to stop or take any evasive action.

A. Yes.

Q. And you don't believe he was fatigued or inattentive in operating his vehicle?

A. Yes.

Q. And you do not believe he had an opportunity to

warn her prior to this incident occurring.

A. Yes.

(Depo. of Trooper Tyler. Pg. 28-29). Therefore, Trooper Tyler refutes the plaintiff's allegations of negligence on the part of defendant Kowalczyk. Trooper Tyler also believed that the decedent did not properly stop at the posted stop sign. The defendants also rely on the testimony of Mr. Steven Rickard (hereinafter, "Rickard"). Rickard is a consultant and instructor in traffic accident reconstruction. He opined that the alleged lack of retro-reflective tape did not cause the accident as there was no light source to make the tape noticeable as the vehicles were traveling on perpendicular roads.

As a result of the *Frye* hearings, the plaintiff is permitted to present expert testimony from Alexander. Alexander reconstructed the accident at issue and concluded that defendant Kowalczyk was operating the tractor trailer at an excessive rate of speed when the accident occurred. Alexander also addressed the issue of conspicuity of the tractor trailer and concluded that it lacked the proper amount of retro-reflective tape. Additionally, the plaintiff argues that the person upon whom the defendants rely, Trooper Tyler, is not an accident reconstructionist expert, nor has he had any special training as such. The plaintiff argues that his opinions on the ultimate issue of which party was at fault should not be accepted.

In the defendants' supplemental motion, the defendants argue that the plaintiff cannot prove that defendant Kowalczyk was negligent since the plaintiff's own expert witness testified that had the decedent properly stopped at the stop sign, defendant Kowalczyk's tractor trailer would have cleared the intersection and the accident would have been avoid. Alexander did testify that based upon his methodology, one calculation determined that the tractor trailer could have cleared the intersection had the decedent fully stopped at the stop sign; however, Alexander concluded that defendant Kowalczyk's speed and the tractor trailer's failure to comply with regulations regarding conspicuity markings and reflective tape were contributing factors to the accident. The plaintiff's expert therefore does not conclude, as the defendants suggest, that the decedent's violation of the Motor Vehicle Code by failing to stop at a stop sign was the sole cause of the accident.

The testimony and arguments presented to the court by both parties indicate that they have competing experts with differing conclusions on the ultimate issues. There are genuine issues of material fact as of the manner in which the accident occurred and whether defendant Kowalczyk and/or the decedent were negligent in the manner in which they were operating the vehicles. It is for the jury to decide which expert's testimony it decides to rely upon in rendering a decision. Because a genuine issue of material fact exists with regard to whether defendant Kowalczyk was negligent, it is improper for this court to determine

whether he is protected under the sudden emergency doctrine.

Next, the defendants argue that since the plaintiff's claims against defendant Russell Standard are based upon vicarious liability, they must fail because defendant Kowalczyk was not negligent. However, as stated supra, a genuine issue of material fact exists as to whether defendant Kowalczyk was negligent in causing the accident. Additionally, the plaintiff alleges defendant Russell Standard was negligent beyond the actions of defendant Kowalczyk. Specifically, the plaintiff alleges that the tractor trailer was not equipped with the proper reflective tape. As stated above, both parties have presented conflicting expert testimony regarding this issue. It is proper for a jury and not the court to decide which parties' expert's testimony it decides to rely upon in rendering a decision.

Finally, the defendants assert they are entitled to summary judgment on the plaintiff's survival action on behalf of the decedent. In the survival claim, the plaintiff asserts a claim for pain, mental anguish, and suffering. The defendants argue that there is no evidence to suggest the decedent experienced conscious pain and suffering.

The Superior Court in *Nye v. Com., Dept. of Transp.*, 480 A.2d 318, 321 (Pa. Super. 1984), explained the law in this Commonwealth that "where a decedent is killed instantaneously, there can be no recovery for pain and suffering in a survival action." Where death is instantaneous, obviously a decedent could not have

suffered so damages for such would be unwarranted. "The same rule applies where a decedent is not conscious between the time of injury and the time of death." *Id.* When a decedent is killed during an automobile accident, "there must be sufficient evidence to support a finding that the decedent was conscious at *any* time after the accident." *Id.* (emphasis in original). "Thus, where the decedent is unconscious for the entire period between the time of injury and the time of death, there can be no recovery for pain and suffering in a survival action." *Id.*

The plaintiff argues that he has established the decedent suffered conscious pain and suffering to substantiate the survival case of action. First, the plaintiff asserts that defendant Kowalczyk indicated to the paramedic, Michelle Eaton, that "he saw her move." Secondly, defendant Kowalczyk indicated during his deposition that he asked the decedent if she were all right, and after a few seconds he saw the decedent's left hand, arm, and head move. The plaintiff argues that these motions were voluntary and in response to defendant Kowalczyk's inquiry. Thirdly, the plaintiff argues that Dr. Karl Williams (hereinafter, "Dr. Williams"), the forensic pathologist who conducted an autopsy on the decedent, concluded that there is a possibility that the decedent had some vital activity after the accident, Dr. Williams opined, "Although no evidence of soot was found in the upper airways, this finding suggest the possibility of some vital activity after the accident."

The above testimony suggests that the decedent may

have been conscious of pain before her death. As a result, "it is the duty [of the jury] to consider this ... testimony and, based upon it, decide whether or not decedent had any pain and suffering." *Williams v. Southeastern Pennsylvania Transpo. Authority*, 741 A.2d 848, 859 (Pa. Cmwlth. 1999). It is a question for the jury to decide "whether decedent was conscious of pain, even though his condition may have rendered him incapable of communicating that suffering to others." *Id.* As such, a question of fact exists regarding whether the decedent was conscious of pain. Summary judgment is therefore inappropriate.

Based upon the foregoing, the defendant's motion for summary judgment is hereby denied.

### ORDER OF COURT

And now, March 21, 2013, this case being before the court on February 25, 2013 for the defendants' motion for summary judgment, with Christopher S. Hallock, Esquire, appearing and representing the plaintiff, and with Timothy A. Montgomery, Esquire, appearing and representing the defendants, it is hereby ordered and decreed as follows:

1. The defendant's motion for summary judgment is hereby denied pursuant to the attached opinion.

2. The Prothonotary shall properly serve notice of this order and attached opinion upon counsel of record; and if a party has no counsel, then upon said party at their last known address as contained in the court's file.